HENRY L. BASSETT *vs.* CONNECTICUT RIVER RAILROAD
COMPANY.

Hampden.    September 24, 1889. — November 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Cause of Action — Former Judgment.*

A judgment in favor of a railroad company, in an action brought against it for the
loss of goods by fire alleged in one count to have been communicated by its
locomotive engine, and in another by its negligence in keeping them in its ware-
house, rendered upon the first count, upon which alone the plaintiff relied, is a
bar to a subsequent action brought by him against it for the loss of the same
goods through the defendant's negligence.

TORT. The declaration, which contained two counts, both
alleged to be for the same cause of action, was as follows:

" First Count. The plaintiff says the defendant is a common
carrier, and transported over its road certain goods and chattels
belonging to the plaintiff, and agreed to store the same in a rea-
sonably safe warehouse and take reasonable care of the same,
and the plaintiff says the defendant did not store the same in a
storehouse which was reasonably safe, and did not take reasona-
ble care to guard and protect the same, and by reason of such
failure of the defendant to keep its said agreements the plaintiff's
goods and chattels were lost and destroyed by fire.

" Second Count. And the plaintiff says the defendant is a
common carrier, and transported certain goods and chattels be-
longing to the plaintiff to Chicopee, and negligently deposited
the same in an unsafe warehouse, and neglected to give the
same proper care and attention, and by reason of such negli-
gence on the part of the defendant the said goods and chattels
were lost and destroyed by fire."

The case was submitted to the Superior Court, and, after judg-
ment for the defendant, to this court, on appeal, on agreed facts,
which, so far as material, were as follows.

This action was brought to recover damages for the loss of the
same goods, by the same fire, as in the case of *Bassett* v. *Connect-
icut River Railroad*, reported 145 Mass. 129, in which the pres-
ent plaintiff was the plaintiff and the present defendant was the

defendant, and in which the declaration contained two counts; the first on the Pub. Sts. c. 112, § 214, for a loss by fire communicated by a locomotive engine of the defendant, and the second as follows: " And the plaintiff further says the defendant received for storage certain goods and chattels belonging to the plaintiff, and the defendant agreed to use reasonable care in providing a storehouse in which to keep the same, and in storing, keeping, and protecting them. And the plaintiff says the defendant did not use reasonable care in storing, keeping, and protecting such goods and chattels, and did not provide a suitable warehouse in which to store the same; but, on the contrary, the defendant stored the same in an unsafe place, and in a building wholly unfit for such storage, and because of the failure of the defendant to use reasonable care in reference to the storage of said goods, and in providing a suitable storehouse, and by reason of the defendant's negligence therein, the said goods and chattels were wholly destroyed by fire, to the great damage of the plaintiff."

In the former action the plaintiff relied alone upon the first count of his declaration, and judgment was rendered thereon for the defendant. In the present action the plaintiff contended that he had the right to offer evidence in support of his declaration, but the defendant contended that the judgment in the former action was a bar to this action.

If the action could be maintained, the judgment was to be set aside, and the case remanded for trial; otherwise, the judgment was to be affirmed.

*L. White*, for the plaintiff.

*G. Wells & J. Barnes*, for the defendant, were not called upon.

MORTON, C. J. The principles which govern this case are well stated in *Foye* v. *Patch*, 132 Mass. 105, 110: " A former judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action for the same cause of action, between the same parties. The parties are concluded by the judgment, not only upon all the issues which were actually tried, but upon all issues which might have been tried in the former action; so that a new action for the same cause of action, between the same parties, cannot be maintained or defended on grounds which might have been tried and determined in the former action."

In the case at bar, the parties and the cause of action are the same as. in the action of *Bassett* v. *Connecticut River Railroad*, reported in 145 Mass. 129. In each action the cause of action is the loss by fire of the plaintiff's goods while in the warehouse of the defendant. The second count of the declaration in the former action is in legal effect the same as each of the counts in the present action. It charges the defendant with negligence in keeping the goods in its warehouse. The fact that the plaintiff, either by his laches or misfortune, failed to prove any negligence, and chose to rest his case solely upon the liability of the defendant under the Pub. Sts. c. 112, § 214, is immaterial. The question of negligence was one of the issues involved in the case. He then had his day in court to prove this issue; it might and ought to have been tried in that case. If his proof had shown negligence, he would have been entitled to judgment on that ground. Having failed to show negligence, a judgment against him is a bar to any future action for the same cause of action. *Interest reipublicæ ut finis sit litium.* The Superior Court correctly ruled that the former judgment is a bar to this suit. *Bigelow* v. *Winsor*, 1 Gray, 299. *Spaulding* v. *Arlington*, 126 Mass. 492.                    *Judgment for the defendant.*