MAURICE P. CLARE, administrator, vs. NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Worcester.　October 6, 1898. — November 23, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Estoppel — Employers' Liability Act — Death — Time within which Action must be brought.*

The declaration in an action against a railroad company contained two counts, the first at common law for personal injuries suffered by the plaintiff's intestate, and the second under Pub. Sts. c. 112, § 212, as amended by later statutes for his death. The judgment in a former action between the same parties was rendered on a declaration under the employer's liability act, St. 1887, c. 270, for personal injuries suffered by the plaintiff's intestate and not for his death. The writ in the second action was dated May 17, 1897, and the plaintiff's intestate died on July 21, 1891, and received the injuries which caused his death on July 20, 1891. By Pub. Sts. c. 112, § 212, the action under that section must be "commenced within one year from the time of the injury causing the death." This defence was set up in the defendant's answer. *Held*, that, while the judgment in the first case was not a bar to the prosecution of the present action on the second count, the answer that the action was not begun within the year was a good defence thereto.

TORT, for personal injuries. Trial in the Superior Court, before *Bond*, J., who, the defendant having pleaded in bar a judgment in a former action, directed a verdict for the defendant on the plea and record; and the plaintiff alleged exceptions, which appear in the opinion.

*W. A. Gile*, (*F. M. Morrison* with him,) for the plaintiff.

*F. P. Goulding & W. C. Mellish*, for the defendant.

FIELD, C. J. The declaration contains two counts, the first at common law for personal injuries suffered by the plaintiff's intestate, and the second under Pub. Sts. c. 112, § 212, as amended by later statutes, for the death of the plaintiff's intestate. The judgment in the former action, reported 167 Mass. 39, between the same parties, was rendered on a declaration under St. 1887, c. 270, for personal injuries suffered by the plaintiff's intestate, and not for his death. It is obvious that such a judgment is not a bar to the prosecution of the present action on the second count, as the causes of action are different. The writ in the

present action is dated May 17, 1897, and by the declaration in the first case it appears that the plaintiff's intestate died on July 21, 1891, and that he received the injuries which caused his death on July 20, 1891. Section 212 of the Pub. Sts. c. 112, requires the action under that section to be "commenced within one year from the injury causing the death." This defence, that the action was not commenced within said year, is set up in the answer of the defendant, and is plainly a good defence to the action on the second count.

St. 1887, c. 270, does not take away any cause of action at common law which an employee had against his employer for personal injuries. The employee, or, if he has died after conscious suffering, his administrator, can bring an action for personal injuries, either at common law or under the statute, and by our practice he is permitted to join a count or counts at common law with a count or counts under the statute. *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190.

The declaration in the former action between these parties contained no count at common law, but it was at the option of the plaintiff whether in that action he would sue at common law or under the statute, or join counts under both. When such counts are joined it may be that the trial court, at some stage of the trial, can in its discretion compel the plaintiff to elect on which of the two classes of counts he will proceed, although this court has held that an election ought not to be compelled when all the counts are under the statute. *Beauregard* v. *Webb Granite & Construction Co.* 160 Mass. 201. Plainly, a plaintiff should not be permitted to retain verdicts both at common law and under the statute for the same personal injuries, and have judgment for the sum of the two verdicts. A verdict under the statute cannot exceed the sum of $4,000, while at common law there is no fixed limit to the amount of the verdict, and the statutory notice must be given in order to maintain an action under the statute, while no notice is required to maintain an action at common law. It may happen that the proof is such that there is no evidence to maintain an action at common law, although there is evidence to maintain an action under the statute; or the converse may be true, or there may be evidence for the plaintiff both at common law and under the statute. *Coffee*

v. *New York, New Haven, & Hartford Railroad*, 155 Mass. 21.
*Lynch* v. *Allyn*, 160 Mass. 248.

The fact, if it be a fact, that the plaintiff at some time or
other in the trial may be compelled by the trial court to elect
whether he will proceed at common law or under the statute,
does not prevent the former adjudication from being a bar to
another action between the same parties to recover compensation
for the same injury. The alleged cause of action at common
law could have been tried in the former action, if the plaintiff
had chosen to join a count at common law with a count or
counts under the statute, and, if compelled by the trial court to
elect, he had elected to go to the jury on the count at common
law. The parties are concluded by the judgment in the former
action, not only upon the issues actually tried and determined,
but upon all issues which might have been tried and determined
in that action. *Bassett* v. *Connecticut River Railroad*, 150 Mass.
178. *Foye* v. *Patch*, 132 Mass. 105. There are opinions of this
court which tend to show that the trial court in its discretion
may compel a plaintiff in this class of cases to elect at the
close of the evidence whether he will go to the jury on the
counts at common law or the counts under the statute. Whether
a plaintiff can be compelled to elect before the close of the evi-
dence has not been decided, neither has it been decided that in
every case of this class the trial court can or ought to compel
the plaintiff to elect. *Brady* v. *Ludlow Manuf. Co.* 154 Mass.
468. *Murray* v. *Knight*, 156 Mass. 518. *Conroy* v. *Clinton*, 158
Mass. 318.

It is settled that, when " a person having a choice of incon-
sistent remedies for the same injury has once elected one of
them, he cannot afterwards seek the other." *Whiteside* v. *Braw-
ley*, 152 Mass. 133, 134. But in an action like the present the
two classes of remedies for personal injuries, viz. at common law
and under the statute, are not necessarily inconsistent, yet the
plaintiff cannot have both remedies against the same defendant
for the same injury. When the facts will support an action at
common law as well as under the statute the remedies, as was
said in *Connihan* v. *Thompson*, 111 Mass. 270, " are alternative
remedies, but not inconsistent; and remedy in both forms might
be sought in one and the same action. If the plaintiff institute

separate actions, he cannot carry both to judgment and satisfaction." See *Bradley* v. *Brigham*, 149 Mass. 141.

There was on the facts but one cause of action for personal injuries. This could not be split by the plaintiff into two separate causes of action. The judgment in the former action is conclusive upon the whole cause of action for personal injuries, which could have been tried and determined in that action as between the same parties. *Sullivan* v. *Baxter*, 150 Mass. 261.

*Exceptions overruled.*