## MARY H. COTTER *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Essex.    November 10, 1905. — February 26, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Judgment.*

A judgment on the merits is a bar to an action between the same parties for the same cause of action not only on all the issues actually tried in the case but on all which might have been tried in it.

A judgment for the defendant in an action brought by a girl less than four years of age against a street railway company for injuries from being struck by an electric car of the defendant through the negligence of its servants and agents, rendered on the ground that the plaintiff and her parents were not in the exercise of due care, is a bar to a subsequent action between the same parties for the same injuries, in which the declaration alleges wilful negligence on the part of the defendant and wanton and reckless conduct on the part of its servants and agents which would make the defendant liable although the negligence of the plaintiff and of her parents might have contributed to her injuries.

TORT, by a girl three years and ten months of age when injured, for injuries from being struck by an electric car of the defendant on March 1, 1899. Writ dated January 22, 1902.

The declaration contained three counts.   The defendant demurred to the first and third counts.   Its demurrer was overruled in the Superior Court by *Mason*, C. J.   The defendant also filed a plea in bar to all the counts alleging that the plaintiff had brought a previous action against the defendant for the same cause of action in which judgment was entered for the defendant as appeared by the records of the Superior Court and the Supreme Judicial Court.   The case was heard by *Sherman*, J.

It appeared by the records that the former action was brought on May 23, 1899, and was tried before *Maynard*, J., who ordered a verdict for the defendant.   Exceptions alleged by the plaintiff were overruled by this court in a decision reported in 180 Mass. 145.   The decision was on the ground that the plaintiff was not exercising the care of a prudent adult, and that there was no evidence of due care on the part of her parents.

In the new action the declaration alleged wilful negligence on the part of the defendant and wanton and reckless conduct on the part of its servants and agents which would make the defendant liable although the negligence of the plaintiff and of her parents might have contributed to her injuries.

The judge sustained the plea in bar and gave judgment for the defendant; and the plaintiff appealed.

*W. A. Kelley,* for the plaintiff.

*D. E. Hall,* for the defendant, was not called upon.

LORING, J.   The former judgment was for the same cause of action as that now sued on.   It was rendered on the merits and is a bar not only on all the issues actually tried, but on all which might have been tried in it.   *Foye* v. *Patch,* 132 Mass. 105. *Bassett* v. *Connecticut River Railroad,* 150 Mass. 178.   *Bradley* v. *Bradley,* 160 Mass. 258.   *Watts* v. *Watts,* 160 Mass. 464, 465. *Harlow* v. *Bartlett,* 170 Mass. 584, 591.   *Clare* v. *New York & New England Railroad,* 172 Mass. 211.   *Butrick, petitioner,* 185 Mass. 107.

*Judgment affirmed.*