COMMERCIAL NATIONAL BANK OF CHICAGO, Respondent and Appellant, *v.* CARL B. SLOMAN et al., Appellants and Respondents.

Shipping — authority of master or shipbroker to incur expenses in loading and preparing a vessel for its voyage — liability of owners therefor.

A shipmaster or shipbroker has a right to make his shipowners liable for such expenses as are necessary in loading their vessel and in supplying and preparing it for its voyage. The contention that the master has no authority to procure money with which to pay an indebtedness so contracted is not well founded.

A bill was drawn by the master of a ship to obtain money to pay an indebtedness he had a right to incur for the benefit of the ship. In an action simply on the bill, brought against the owners in a foreign country, it was held, in accordance with the laws of that country, that the master had no authority to bind them by such an instrument. This action was then brought for money loaned and advanced. The trial court found that the shipbrokers and the master procured plaintiff, on the faith of the note, to advance money to be used and which was used for the benefit of the defendants in paying the indebtedness so contracted by the master. *Held*, that the foreign adjudication is not a bar, since tha

judgment was based solely on the note and the judgment proceeded solely on the ground that the master was not authorized to execute the note; hence the questions involved in this action neither were nor properly could be decided in that action. *Held,* further, that plaintiff is not confined to the void note, but may disregard it and recover for the money which it advanced to or for defendants.

*Commercial Nat. Bank* v. *Sloman,* 121 App. Div. 874, modified.

(Argued February 19, 1909; decided March 5, 1909.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 26, 1907, which modified and affirmed as modified a judgment in favor of plaintiff entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. Henry Mosle* and *Hugo Kohlmann* for plaintiff, appellant. The captain had power and authority to borrow money at the port of New Orleans for the payment of the ship's expenses and disbursements there. (*The Wyandotte,* 136 Fed. Rep. 470; 145 Fed. Rep. 321; *McCready* v. *Thorn,* 51 N. Y. 454; *Chase* v. *McLean,* 130 N. Y. 529; *McBride* v. *Farmers' Bank,* 26 N. Y. 450, 457; *Savage* v. *O'Neil,* 44 N. Y. 298; *Latham* v. *de Loiselle,* 3 App. Div. 525; 158 N. Y. 687; *Spies* v. *Nat. City Bank,* 174 N. Y. 222.) The captain's draft, upon which the plaintiff advanced and loaned money to the defendants being void, the plaintiff is entitled to recover in this action the money so advanced and loaned by it and employed by defendants' agents for the benefit of the defendants in the payment of the ship's expenses and disbursements. (*Hoag* v. *Town of Greenwich,* 133 N. Y. 152; *Louisiana* v. *Wood,* 102 U. S. 294; *Read* v. *Plattsmouth,* 107 U. S. 568; *B. S. Bank* v. *City of Stillwater,* 49 Fed. Rep. 721; *Hathaway* v. *County of Delaware,* 185 N. Y. 368; *Aldrich* v. *C. Nat. Bank,* 176 U. S. 618; *Ditty* v. *D. Nat. Bank,* 43 U. S. App. 613; *Atlantic Mills* v. *I. O. Mills,* 147 Mass. 268;

*First Nat. Bank* v. *B. L. Co.*, 54 Mo. App. 327 ; *Perkins* v. *Boothby*, 71 Me. 91.) The Appellate Division erred in deducting from the amount of the plaintiff's recovery the items paid by Baccich & Clement before the negotiation of the note and the commissions due Baccich & Clement for their services as agents. (*The Emily Souder*, 17 Wall. 666 ; *The Eliza Jane*, 8 Fed. Cas. 4363 ; *The Dora*, 34 Fed. Rep. 343 ; *The Larch*, 14 Fed. Cas. 8085 ; *The Joseph Cunard*, 13 Fed. Cas. 7535 ; *The Canada*, 7 Fed. Rep. 119 ; *The Maine*, 51 Fed. Rep. 954 ; *The Worthington*, 133 Fed. Rep. 725 ; *Humes* v. *Proctor*, 151 N. Y. 520, 525 ; *Snider* v. *Snider*, 160 N. Y. 151 ; *G. & W. R. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 163 N. Y. 228.)

*Everett Masten* for defendants, appellants and respondents. Baccich & Clement received the note from the master as the first takers thereof in payment of the account, and not as agents for its negotiation ; and they sold the note to plaintiff not as agents but as the owners thereof. The evidence is not legally sufficient to sustain any different finding. (*Force* v. *Washington*, 35 Fed. Rep. 767 ; *The Wyandotte*, 136 Fed. Rep. 470 ; 145 Fed. Rep. 321 ; *Eastman* v. *Shaw*, 65 N. Y. 522.) The master had no authority to borrow the money to pay the account on defendants' personal credit, nor to give defendants' personal obligation therefor. (*Pope* v. *Nickerson*, 3 Story, 465 ; *King* v. *Sarria*, 69 N. Y. 24, 33 ; *Henschell* v. *Swan*, 23 Misc. Rep. 304, 309 ; *Chase* v. *McLean*, 130 N. Y. 529 ; *The Scotia*, 35 Fed. Rep. 907 ; *The Larch*, 14 Fed. Cas. 8085 ; *The J. C. Williams*, 15 Fed. Rep. 558 ; *The Allianca*, 64 Fed. Rep. 871 ; 65 Fed. Rep. 245 ; 74 Fed. Rep. 256 ; *The May Morn*, 2 Mar. Reg. 465 ; *The Advance*, 63 Fed. Rep. 726 ; *The Clintonia*, 104 Fed. Rep. 92.) Baccich & Clement being first takers of the note and not agents for its negotiation and having as first takers and owners of the note sold the same to plaintiff, no cause of action against defendants could arise in plaintiff's favor out of its purchase of the note. (*Hoag* v. *Greenwich*, 133 N. Y. 152 ; *Tracy* v. *Tallmage*, 14 N. Y. 162 ; *Ger-*

*wig* v. *Sitterly,* 56 N. Y. 214; *Stephens* v. *Bd. of Education,* 29 N. Y. 183.) Upon any theory of direct cause of action the recovery was excessive. (*The Clintonia,* 104 Fed. Rep. 92.)

HISCOCK, J. This action was brought to recover with interest the sum of $8,087.23, claimed to have been loaned and advanced by plaintiff to and for the benefit of defendants. At the close of the evidence each side moved for a direction of a verdict in its favor and the motion of plaintiff was granted. According to plaintiff under these circumstances the benefit of the most favorable evidence, whether contradicted or not, we have the following facts:

In 1902 the defendants were the owners of the steamship *Lugano,* sailing under the German flag. It was consigned for cargo to Baccich & Clement, ship brokers, at New Orleans, who put it in berth in that city, where it loaded for Antwerp. The master of the vessel, while entering harbor and loading and preparing for sailing, in connection with said brokers concededly incurred various expenses and disbursements for the benefit of the defendants and their vessel for port charges, supplies and services amounting to the sum of $8,087.23. The good faith of the obligations thus incurred is not challenged and the nature and propriety of only a few of them as a basis for recovery herein is sufficiently challenged to require special consideration, which will be given later. Just before sailing said ship brokers presented a statement of said expenses and charges to the master of the vessel, who approved of the same and drew a bill for the amount thereof payable five days after arrival of the ship at Antwerp to his own order, representing that said disbursements were necessary, and pledging the vessel and her freight, and containing various other clauses. Thereafter said brokers presented said bill to plaintiff's agent at New Orleans and obtained from the latter the full amount thereof, which proceeds were undisputedly used in paying the charges and expenses hereinbefore referred to. Subsequently an action was brought by plaintiff's transferee on such bill in Belgium against defendants

and judgment was rendered in favor of the defendants on the ground that the master had no authority to bind his ship owners by such an instrument. This action was then brought, as stated, for money loaned and advanced. It is not in any sense a proceeding *in rem* against the vessel.

We think that there neither ought to be nor is any doubt about defendants' liability. It is conceded, or at least clear, that their master or ship brokers had a right to make them liable for such expenses as were necessary in loading their vessel and supplying and preparing it for its voyage, and with the exception of the few items especially to be referred to we do not discover any opportunity even to question that the items constituting the indebtedness contracted by such agents were within their authority and for the benefit of the defendants who have received the freight earned in part by reason of their expenditure.

It is asserted, however, in the first place that even if authorized to contract this original indebtedness, the master had no authority to procure the money from plaintiff with which to pay the same. This contention, however, seems to us to be unfounded. The law in this country appears to have been settled adversely to defendants (*Chase* v. *McLean*, 130 N. Y. 529), and defendants' evidence authorized the court to find that the rules of law prevailing in Germany did not differ from ours on this point.

Then it is further claimed that when the ship's master executed the note and delivered it to Baccich & Clement, the ship brokers, they became the first owners and holders of the same, and that the only right which plaintiff acquired was as their subsequent transferee by discount, and that, therefore, its right of recovery rests solely on the bill and does not exist independent of the bill for moneys advanced. While possibly the evidence would have justified this conclusion, we think it also fully warranted the conclusion adopted by the trial court that Baccich & Clement did not become the holders of the note, but that with the ship master they procured plaintiff on the faith thereof to advance the money to be used and which was used for the benefit of defendants in paying the

indebtedness contracted as aforesaid. While doubtless the plaintiff might be regarded as having become the owner of the note by discount, still it having been determined that the note was invalid by reason of the master's lack of authority and, therefore, could not be collected, the plaintiff is not confined, as defendants would inequitably have it, to the void note but may disregard the same and recover for the money which it has advanced to or for the defendants. (*Roberts* v. *Ely*, 113 N. Y. 128 ; *Hoag* v. *Town of Greenwich*, 133 N. Y. 152; *Louisiana* v. *Wood*, 102 U. S. 294.)

Lastly, it is urged in behalf of defendants that the foreign judgment is an adjudication in bar of this action. This claim is entirely unfounded. The action in which that judgment was rendered was based solely on the note and the judgment proceeded solely on the ground that the master was not authorized to execute the note. The questions involved in this action neither were nor properly could be decided in that action.

The defendants set up a counterclaim against the ship brokers above named for various misdeeds, but were allowed to give no evidence thereof in this action. This manifestly was correct as the plaintiff did not claim as assignee of or in any manner through such ship brokers, but on an independent cause of action arising solely in its favor for the moneys which it had advanced.

As already indicated, the learned Appellate Division modified the judgment rendered by the trial court by disallowing certain items for which recovery had been had. These items amounted to the sum of $910.14, and consisted of one item of $205.43, advanced before receipt of the money from plaintiff, by Baccich & Clement to pay certain items of expense necessarily and legitimately incurred in behalf of defendants' vessel at New Orleans, and $50 advanced in cash to the captain. The balance of the amount disallowed represented the attendance fee and commissions of Baccich & Clement on the freight and disbursements of and in behalf of the vessel. There is no question about the proper and legitimate character of all of these items unless it may be the advance of cash to the captain,

which, however, we think may be regarded as having been made to him as the agent of the defendants rather than for his personal benefit. It is urged in respect to the first item of $205.43 that plaintiff may not be allowed for moneys which it advanced and which were used by the ship's agents to reimburse themselves for payment of legitimate charges theretofore incurred with third parties, because such agents had paid such third parties before plaintiff advanced its moneys.

Assuming that plaintiff could not rely upon the representations made by the defendants' master and ship brokers that the amount being procured from plaintiff was for the payment of legitimate expenses, but was compelled to analyze each item, we see no sufficient reason why it should be disallowed this item simply because the agents had paid certain third parties in anticipation of the money which they were to borrow in behalf of the defendants, instead of waiting until they had actually procured the money in hand. This distinction seems to be rather too fine to be commendable under all of the circumstances of this case.

Neither do we see any reason why plaintiff should be disallowed so much of the money advanced by it as was applied by the brokers to the payment of their services and commissions. There is again no contention that these charges were unreasonable or unusual. They were incidents to the other items about which no question is made and there is no reason why they do not constitute proper charges against the defendants in connection with the other items.

*The Joseph Cunard* (13 Fed. Cases, 7,535) cited in the court below for its decision on this point, does not seem to us to be controlling. That was a proceeding *in rem* to recover the amount of a bill of exchange, and while it was held that such proceeding would not lie to enforce a lien for certain expenses similar to some of those now under discussion, it was intimated that the same rule would not be applied in a proceeding to hold the owners of the vessel personally liable for the charges incurred by their master and agent.

The trial court was fully justified in finding that all of these

items were incurred for the benefit of the ship and in order to enable it to earn the freight which subsequently came into the hands of the defendants. Under these circumstances, in accordance with the German law as it is set forth by defendants' witnesses, under the general principles of principal and agent as applied in cases of this character and under specific authorities, we think that these charges were proper and that the plaintiff is entitled to recover in this action for the money which it advanced in behalf of the defendants for the satisfaction thereof. (*Chase* v. *McLean, supra; The Wyandotte,* 136 Fed. Rep. 470; *The Same,* 145 Fed. Rep. 321.)

The judgment below should be reversed in so far as it modifies the judgment of the trial court by striking out the items referred to and the judgment of the trial court in all respects affirmed, with costs in both courts to the plaintiff.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Judgment accordingly.