## MAZZARIELLO v. DOHERTY.

(Circuit Court of Appeals, First Circuit. April 18, 1913.)

### No. 993.

JUDGMENT (§ 828*)—RES JUDICATA—GROUNDS OF LIABILITY.

> Plaintiff, while employed by defendant, was injured by the breaking of a wagon, and brought suit in the state court to recover damages, alleging a cause of action under the Massachusetts Employer's Liability Act (Rev. Laws Mass. c. 106), charging a defect in defendant's ways and works, in that the wagon was rickety, unsafe, overloaded, and unsuitable. Judgment having been rendered for defendant in that case, plaintiff sued in the federal courts, stating a cause of action for the same injuries for violation of defendant's common-law duty to furnish plaintiff with a reasonably safe place to work. *Held* that, since both of such alleged grounds of liability might have been pleaded and relied on by plaintiff in the state court, the Massachusetts judgment for defendant was res judicata, and a bar to the proceeding in the federal court.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*

> Conclusiveness of judgment as between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468; Converse v. Stewart, 18 C. C. A. 215.]

In Error to the District Court of the United States for the District of Massachusetts; Le Baron B. Colt, Judge.

Action by Francisco Mazzariello against James Doherty. Judgment for defendant, and plaintiff brings error. Affirmed.

John T. Wilson, of Boston, Mass., for plaintiff in error.

John F. Cronan, of Boston, Mass., for defendant in error.

Before DODGE, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. The plaintiff first brought an action in the state court of Massachusetts to recover compensation for the same injury complained of here, and by his declaration based his supposed right upon the Employer's Liability Act (Rev. Laws Mass. c. 106), and alleged a defect in the ways and works of the defendant. The offending thing which caused the injury complained of was a wagon, which, as alleged, was rickety, unsafe, overloaded, and unsuitable. The case was turned against the plaintiff, and a general verdict directed for the defendant, after two trials upon the merits, and under instructions and a special verdict that the defendant was not the owner of the wagon in question.

Certain exceptions were taken by the plaintiff in the state court, but were not prosecuted. The plaintiff subsequently brought a suit in the United States court for the District of Massachusetts to recover for the same injury by the same offending thing, and based his right upon an alleged failure of the defendant's common-law duty to furnish a reasonably safe place for the performance of the work which the plaintiff was supposed to do.

The defendant herein pleaded the former judgment in the state court in abatement or in bar of the proceeding here, and the plea was sustained, upon the ground that the rights of the plaintiff were concluded by the trials and judgment upon the merits in the state court.

There are some cases, based upon exceptional situations, like Union Pacific Railroad v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, and Boston & Maine Railroad v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193, which, for the purpose of determining when the statute of limitations begins to run, treat the common-law right and a statutory right as presenting different causes of action.

We look upon these authorities as somewhat exceptional, and as by no means conclusive of the broader question before us.

The unquestionable general rule is that only a single cause of action in respect to the same injury springs from a single transaction, though it may give rise to different kinds of relief. Moreover, the situation here is a local one, and the rights of the parties are to be determined with reference to the law of Massachusetts. It was unquestionably open to the plaintiff to seek his relief in either the federal or state tribunal. He elected to have his day in the state court of Massachusetts, one which possesses and exercises the broadest possible common-law jurisdiction, under liberal rules and laws with respect to pleadings and amendments.

It is doubtless perfectly true that the plaintiff might have invoked the two supposed remedies, common-law and statutory, by joining appropriate counts for that purpose, and have elected at the end of the trial upon which he would stand; but, having stood upon the statutory count alone, it was open to him, under the liberal practice obtaining in the Massachusetts courts, at the end of the trial and before final judgment, to turn his case into one which would present the common-law right, thus presenting an issue upon which the case could reasonably have been determined upon the common-law right at the end of the trial already had, because the new pleading would be merely the assertion of a common-law duty in respect to a situation about which there had been a full trial on the merits.

Without regard to whether, in certain special limited and technical senses, there were two causes of action, one statutory and the other common law, the general proposition was early established in Massachusetts, in Smith v. Palmer, 6 Cush. 513, that the introduction of a new count for the enforcement of a different form of liability is not a count based upon a new cause of action.

In that case the court referred to earlier cases, saying, at page 519:

"New counts are not to be regarded as for a new cause of action, when the plaintiff in all the counts attempts to assert rights and enforce claims growing out of the same transaction, * * * however great may be the

difference in the form of liability, as contained in the new counts, from that stated in the original counts."

See, also, Commonwealth v. Company, 201 Mass. 248, 87 N. E. 590.

Again, in Clare v. New York, etc., Railroad, 172 Mass. 211, 214, 51 N. E. 1083, 1084, the court said:

"There was on the facts but one cause of action for personal injuries. This could not be split by the plaintiff into two separate causes of action. The judgment in the former action is conclusive upon the whole cause of action for personal injuries, which could have been tried and determined in that action as between the same parties."

Attention has been called to what, upon a cursory glance, would seem to present inconsistent statements in the opinion of the Massachusetts court in the Clare Case; but the seeming inconsistency disappears when it is seen that the court was making a distinction in the first paragraph of the opinion between a second trial for personal injuries, or, in other words, for pain and suffering, and a second trial between the same parties in an action to recover for the death, rather than for personal injuries. And while it is there conceded that a former trial for personal injuries would not operate as a bar to the prosecution of a subsequent case for death, it proceeds to point out that it would be a bar to a second trial between the same parties for the same personal injuries.

It is doubtless true that if, under different rights, there are distinct and different elements of damages recoverable under one right, and not under the other, a former trial would not be a bar to another trial in respect to damages not covered by the earlier trial. This is the doctrine of the Clare Case, to which reference has been made, and it is so because the two remedies would not be inconsistent. As explained in the Clare Case, a former trial for personal injuries would not be a bar to the subsequent statutory trial for death; and this is so because there would be two kinds of damages, one for personal injuries, or pain and suffering, and another for death. In such a case, there would manifestly be two causes of action, one for pain and suffering, and another for death, and each might be quite independent of the other. But here the damages sought are precisely the same as those sought in the state court, where the plaintiff had a full trial upon the merits; and as said at the conclusion of the opinion in the Clare Case, the judgment in the former action is conclusive upon the whole cause of action for personal injuries which could have been tried and determined in that action as between the same parties.

The only difference between the plaintiff's case in the state court and his case here is that the plaintiff here asserts the common-law duty to furnish a safe place, something which he might have done in the state court, thus invoking and availing himself of the common-law right at the end of his trial.

It is the imperative demand of the law that a party shall have his day in court, and a full and fair trial; but it is not the policy of the law to split remedies or facts, in order that the plaintiff may have interminable trials for a single supposed grievance; and it is because of the demands of justice that litigation shall not be endless that the

rule is established in Massachusetts, in conformity with that which exists in England, and generally in this country, that "the parties are concluded by the judgment in the former action, not only upon the issues actually tried and determined, but upon all issues which might have been tried and determined in that action." Clare v. New York, etc., Railroad, 172 Mass. 211, 214, 51 N. E. 1083, 1084; Bassett v. Conn. River Railroad, 150 Mass. 178, 22 N. E. 890; Cotter v. Boston & Northern Railroad Co., 190 Mass. 302, 76 N. E. 910.

The last case cited is one in which a different right was alleged from that involved in the former trial.

As to the attitude of the authorities of the United States courts upon the question as to the extent and conclusiveness of a former trial as a bar to subsequent proceedings between the same parties, grounded upon negligence in respect to the same occurrence, see Stark v. Starr, 94 U. S. 477, 485, 24 L. Ed. 276; Roberts v. No. Pacific Railroad, 158 U. S. 1, 28, 15 Sup. Ct. 756, 39 L. Ed. 873; Columb v. Webster Mfg. Co., 84 Fed. 592, 28 C. C. A. 225, 43 L. R. A. 195.

The former judgment between these parties should be treated as conclusive, because the plaintiff elected to prosecute his case before a state court, and elected to stand upon a statutory right, and to take a result based upon a full trial upon the merits, rather than invoke the common-law right by putting it in issue and having that remedy applied to the merits of his case as then and there already presented.

In the sense of the res judicata rule, the plaintiff is seeking here to apply a different rule of duty and liability to the occurrence, the injury, and the cause of action in respect to personal injuries, from that invoked in the proceeding in which he had a full trial before a court of general jurisdiction, upon such pleadings and issues as he saw fit to employ. What he is attempting to do here is something he could have done there as well as here, and something which he ought to have done there, if he intended to invoke the common-law right; and, having failed to do that, he is estopped from prosecuting that right in an independent proceeding before another court.

Judgment of the District Court affirmed, with costs.