HERBERT B. MACKINTOSH *vs.* JOSEPH A. CHAMBERS & another.

Norfolk.   May 10, 1933. — March 27, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Res Judicata. Pleading, Civil,* Answer. *Joint Obligation.*

Where one, in borrowing money, executed and delivered to the lender his promissory note for the amount of the loan, and the lender thereafter brought an action on the note against the maker in which, after trial on the merits, there was a verdict and judgment for the maker, another action, subsequently brought by the lender against the borrower for the amount of the loan as money had and received by the defendant to the plaintiff's use or as money lent by the plaintiff to the defendant, was barred on the ground of *res judicata:* there was only a single transaction between the parties which gave rise to but a single possible right of the plaintiff against the defendant, namely, the alleged debt resulting from the loan; and the plaintiff's cause of action, whatever the form in which it was pleaded, was the same in both actions.

In an action against two joint obligors, the answer of one defendant contained only a general denial, and the answer of the other contained a general denial and an allegation of *res judicata.* The second defendant only was present at the trial. It appeared that the plaintiff's cause of action was *res judicata* by reason of a judgment adverse to the plaintiff in a previous action by him against the defendants. *Held,* that, in the circumstances, the plaintiff could not recover against the first defendant despite his failure to plead the defence of *res judicata.*

CONTRACT.   Writ dated November 15, 1927.

The action was heard in the Superior Court by *Broadhurst*, J., without a jury. The pleadings, material evidence and exceptions saved by the plaintiff are described in the opinion. The judge found for the defendants. The plaintiff alleged exceptions.

*H. B. Mackintosh, pro se.*

No argument nor brief for the defendants.

RUGG, C.J. This is an action of contract. The two counts in the plaintiff's declaration are alleged to be for the same cause of action. Allegations (common to both counts) are that the "plaintiff says that the said defendants owe him" a specified sum of money with interest "for a balance due of money" (in count 1) "received by the defendants to the plaintiff's use" and (in count 2) "lent by the said plaintiff to the said defendants." The defendant Chambers pleaded general denial. The defendant Turner pleaded general denial and *res judicata*. It is stated in the exceptions that the plaintiff, an attorney at law, appeared *pro se*, that the defendants were not represented by counsel, and that only the defendant Turner appeared at the trial and testified. Turner (called as a witness by the plaintiff) testified that his aid was asked by the defendant Chambers in procuring a loan, that on November 23, 1921, the plaintiff handed $305 in cash to Chambers, and that the two defendants signed and delivered to the plaintiff a promissory note for that amount on that date. The plaintiff on demand produced the note, which was received in evidence subject to his exception on the stated ground that it "was a different cause of action." It appeared that immediately after the payment of $305 to Chambers and the signing and delivery of the note by both defendants to the plaintiff, the latter demanded and received from Chambers $155 in cash, which was then and there credited as a payment on the note, and that subsequently $5 was paid on the principal and $1.88 on the interest. The plaintiff testified that he took the note of the defendants as evidence of the loan and that the present action is to recover the balance of the $305 lent. The plaintiff admitted and it appeared of record that by writ dated July 1, 1922, he brought an action

against the defendants to recover (as alleged in the declaration in that action) the amount of the note and interest. Copy of the note was annexed to that declaration. An examination of the record in this court when that case was before us in *Mackintosh, petitioner,* 268 Mass. 138, shows that at that trial there was no evidence nor testimony except that which came through the plaintiff and witnesses put on the stand by him; that the defendants did not testify and produced no witnesses; that it was the contention of the defendants at that trial that the note upon which the action was brought came within the small loans act so called, G. L. c. 140, § 96 *et seq.;* that it was a loan for $150 and not for $305; that the plaintiff was engaged in the business of making small loans and that evidence in relation thereto brought out on cross-examination was admitted. That action was tried to a jury, verdict was returned for the defendants, and judgment was entered in their favor on August 15, 1929. Manifestly, that action was tried on its merits. In the case at bar the trial judge found for both defendants on the ground that the causes of action in the earlier action at law between the same parties and in the present action were the same and that the matter was *res judicata* as to both defendants. The plaintiff excepted to the ruling that the adjudication in the action on the note was a bar to the present action and to the ruling that that defence was open to Chambers, who had not pleaded *res judicata.*

The ruling was right that judgment in the earlier action was rendered on the same cause of action as that declared upon in the present action. The only transaction between the parties was a loan of money by the plaintiff to the defendants. The note and the cause of action set out in the present declaration both were founded upon and grew out of that single transaction.

The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong. *Smith* v. *Palmer,* 6 Cush. 513, 519. *Newhall* v. *Enterprise Mining Co.* 205 Mass. 585. *Diebold Safe &*

*Lock Co.* v. *Morse,* 234 Mass. 17. *Burke* v. *Willard,* 249 Mass. 313. The effect of a former judgment, if admissible, depends not upon the form of the pleadings but upon the essence of the violation of legal right on which pleadings are founded. Two actions are not necessarily for different causes of action simply because the theory of the second would not have been open under the pleadings in the first. A party cannot preserve the right to bring a second action after the loss of the first, merely by having circumscribed and limited the theories of recovery opened by the pleadings in the first. *Canning* v. *Shippee,* 246 Mass. 338. For example, a judgment for the defendant in an action for negligence causing personal injury bars a subsequent action for the same injury on the ground of wanton, wilful and reckless conduct. *Cotter* v. *Boston & Northern Street Railway,* 190 Mass. 302. Where the object and "petitory conclusions" of two suits in equity are the same, the dismissal on the merits of one bars the other, although they are brought on different theories. *Hoseason* v. *Keegen,* 178 Mass. 247. *Barnes* v. *Huntley,* 188 Mass. 274. A judgment for the defendant in a statutory suit for loss of goods by fire from a locomotive bars a suit for the same loss based on negligence. *Bassett* v. *Connecticut River Railroad,* 150 Mass. 178. *Vinson* v. *Graham,* 44 Fed. Rep. (2d) 772.

The alleged debt due to the plaintiff from the defendants constituted one right, whether disclosed by a note or by money lent. The violation of that right was the failure of the defendants to pay that obligation. That was the single legal wrong of which the plaintiff complained. The forms of pleading cannot obscure this underlying single right violated by a single wrong.

The point is concluded by authority in this Commonwealth. It was held in *Moore* v. *Moore,* 9 Met. 417, through Chief Justice Shaw, that in an action upon money counts a promissory note may be given in evidence to support the action because "the offer of the notes is not the introduction of a new cause of action." *Wild* v. *Fisher,* 4 Pick. 421. *Story* v. *Atkins,* 2 Stra. 719, 725. See, also, *Townsend* v. *Derby,* 3 Met. 363. It is also covered in principle by nu-

merous decisions. *Clare* v. *New York & New England Railroad,* 172 Mass. 211. *Cotter* v. *Boston & Northern Street Railway,* 190 Mass. 302. *Spector* v. *Traster,* 270 Mass. 545, 548. *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co.* 280 Mass. 282. *Baltimore Steamship Co.* v. *Phillips,* 274 U. S. 316, 321.

Cases like *Leonard* v. *Trustees of First Congregational Society,* 2 Cush. 462, *Reggio* v. *Warren,* 207 Mass. 525,. 537, and others cited by the plaintiff, have no relevancy to the grounds of this decision.

Cases like *Commercial National Bank* v. *Sloman,* 194 N. Y. 506, *Bruner* v. *Bearden,* 80 Okla. 154, and *Funk* v. *Young,* 254 Penn. St. 548, are to be distinguished on the ground, either that there had not in the earlier action been a full trial on the merits, or that the causes of action were in truth substantially different. In any event, we do not regard them as controlling and cannot follow them.

It follows from what has been said that the note and testimony concerning it were rightly admitted in evidence.

The ruling also was right to the effect that the plaintiff could not recover against the defendant Chambers although he had not pleaded *res judicata,* a plea entered by Turner alone.

It is plain that the cause of action set out in the plaintiff's declaration (as already stated) is a joint obligation on the part of both the defendants. It was stated by Chief Justice Shaw, speaking for the court after an exhaustive discussion and review of authorities in *Tuttle* v. *Cooper,* 10 Pick. 281, 291–292, that "in an action upon contract, against two or more, the contract must be proved as laid, and that in a trial upon the general merit, the plaintiff cannot have a judgment against one or more, where all are not liable: That, however, there is an exception to this rule, established by the English precedents, and somewhat modified and extended by the American cases, that where a defence can be made by one or more of the defendants, either by plea or by proof on the trial, which admits the making of the original joint contract, but shows matter of personal exemption or discharge, whether such exemption arises from an incapacity to contract, as in

case of coverture or infancy, or by matter of subsequent discharge, as in case of bankruptcy, but which leaves the other contracting parties liable to the performance of the contract, such party may have a separate judgment against the plaintiff, and the plaintiff may have a valid judgment against the other contracting parties." This rule has been modified by statute to the extent that a plaintiff may recover "against those who upon trial are found liable, although it is found that all the defendants are not jointly liable." G. L. (Ter. Ed.) c. 235, § 6. *Johnstone* v. *Cochrane,* 231 Mass. 472, 479. But the rule has often and recently been recognized. *Hathaway* v. *Crocker,* 7 Met. 262, 267. *Bull* v. *Strong,* 8 Met. 8, 11. *Mulrey* v. *Carberry,* 204 Mass. 378, 381. *Pofcher* v. *Fisher,* 272 Mass. 78, 83. *Peebles* v. *Rand,* 43 N. H. 337, 339.

Clearly the case at bar does not fall within the exception thus carefully explained. It comes within the general rule. The plaintiff must in any event fail against the defendant Turner for reasons already stated. *Mulrey* v. *Carberry,* 204 Mass. 378. No discussion is necessary to demonstrate that the defence of *res judicata* was as applicable to Chambers as to Turner. He simply failed to plead it. If he had appeared in this court, he would have been allowed to amend his answer. G. L. (Ter. Ed.) c. 231, § 125. But amendment is not necessary. It is the general rule that, where one defendant or several joint defendants in an action of contract maintain a defence which negatives the plaintiff's right to recover against any defendant, and shows that he has no cause of action, the plaintiff cannot be entitled to judgment against any of the defendants although not appearing or not pleading that defence. *Bowman* v. *Noyes,* 12 N. H. 302, 311. See cases collected in 78 Am. L. R. 939, 940. The trial judge rightly took notice of, and gave effect to, that defence in favor of Chambers. Compare *Quintin* v. *Magnant, ante,* 450, for illustration of the converse principle that in certain instances one jointly liable on an original obligation, although having a perfect personal defence, ought to make contribution to a payment made by his coobligor not having such defence.

*Exceptions overruled.*