JOHN D. LYON *vs.* CLAYTON PARKINSON.

Worcester.    January 5, 1960. — March 16, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, CUTTER, JJ.

*Res Judicata.    Real Property,* Boundary.

An issue involved in a suit in equity as to the correct location of the common boundary between land of the plaintiff and land of the defendant adjoining the plaintiff's land on the southeast was not res judicata by reason of the decree in a previous registration proceeding respecting land adjoining the plaintiff's land on the northwest where such issue had not been involved in the registration case, even though the defendant had been a party to the registration case asserting a right of way over the land sought to be registered.

BILL IN EQUITY, filed in the Land Court on January 30, 1956.

The suit was heard by *Cotton, J.*

*Albert W. Wunderly,* for the plaintiff.

*John M. Boyle,* for the defendant.

COUNIHAN, J. This is a bill in equity in the Land Court to determine the ownership of land in Mendon, for damages

for trespass, and for an injunction against continuing trespass. It comes here upon an appeal from a final decree dismissing the bill. There was no error.

The plaintiff claims ownership of the land designated Otto Lyon, trustee, on a plan shown on page 376 in *Lyon* v. *Parkinson*, 330 Mass. 374. The area now in dispute is a strip of that land, about thirty feet wide, along its southeasterly side. The defendant's land adjoins on the southeast the land designated Otto Lyon, trustee. The defendant contends that the disputed strip is a part of his land and not a part of the plaintiff's land.

The controversy in the earlier case involved a right of way to Nipmuc Pond which Parkinson asserted over the parcel situated immediately northwesterly of the land designated Otto Lyon, trustee. In that case a decree of registration of such northwesterly parcel in effect denied Parkinson's right of way.

In the instant case the judge found that through error the southeasterly boundary of the parcel registered was located approximately thirty feet farther southeasterly than was proper. The error arose in the starting point of the northeasterly boundary of the registered parcel in that it started at a point marked "old stk & stones" on the plan whereas it should have started at a point approximately thirty feet northwesterly on the shoreline of Nipmuc Pond.

The judge fixed the southeasterly boundary of the land designated Otto Lyon, trustee, 29.85 feet northwesterly from where it is shown on the plan. The plaintiff contends that the location of the southeasterly boundary of that land was fixed in the registration proceeding in the earlier case and therefore is res judicata in the present case.

Even if it be assumed that the present matter is within the concurrent equity jurisdiction of the Land Court, *Cowden* v. *Cutting*, 339 Mass. 164, the evidence is not reported and the findings of the Land Court cannot be disturbed.

We are of opinion that the decree of registration in the earlier case did not make the issues in the case at bar res judicata. "The principle of res judicata cannot apply unless

the previous action was between the same parties or their privies, touched a subject matter involved in both actions, and was decided against the party attempting to litigate the same subject matter again." *Hopkins* v. *Holcombe,* 308 Mass. 54, 57. Discussing an analogous situation the court also stated in that case, at page 57, "The burden was upon Hopkins . . . [one of the parties in a registration case] to show that the ownership in the locus was a material issue in" a prior registration case in which, he contended, the title to that locus had been settled.

Applying this test to the case at bar, it appears that the subject matter of the present suit was not involved in the prior case which was decided against Parkinson. As to the southeasterly boundary of the parcel for which registration was sought, Parkinson was a stranger and had no right to contest the petition for registration in so far as it sought to fix that boundary, because other land, the land designated Otto Lyon, trustee, was between the parcel registered and the land of Parkinson.

Thus it is apparent that res judicata should not apply in the instant case and that the defendant was free to litigate the dispute as to the location of the boundary line between the land of the plaintiff and the land of the defendant. It is plain that Parkinson should not suffer because of an error in fixing a boundary not even touching his property.

*Decree affirmed.*