Town of Boylston *vs.* James J. McGrath & another.

Worcester. January 6, 1965. — March 3, 1965.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, Kirk, Spiegel, & Reardon, JJ.

*Res Judicata.*

A suit in equity by a town as a landowner in which the plaintiff alleged in the bill that an excavation on the defendant's adjoining land had caused the plaintiff's land to cave in and fall on the defendant's land and that such subsidence was continuing, and sought restoration of lateral support and damages, was not barred by the principle of res judicata by reason of a judgment for the same defendant in an action at law against him by the town where the declaration therein alleged a direct trespass on the plaintiff's land and a conversion of soil removed therefrom, and it appeared from the judge's decision in the action that

the plaintiff had not sustained the burden of proving such trespass and conversion and that "[n]either in pleadings or specifications nor in the evidence" had the plaintiff "in any way, directly or indirectly intimated that it was seeking to protect its right to lateral support . . . claiming damages for a violation of this right."

BILL IN EQUITY filed in the Superior Court on December 8, 1959.

The suit was heard by *Meagher,* J., on a plea in abatement and a plea in bar.

*John W. Fellows,* Town Counsel, for the plaintiff.

No argument or brief for the defendants.

WHITTEMORE, J. This is a bill in equity to enjoin the defendants from maintaining an excavation in adjoining land which deprives the plaintiff's land of lateral support. The bill alleged that because of such excavation the land of the plaintiff has caved in and fallen on the defendants' land and such subsidence is continuing. The relief sought includes restoration of support and damages.

The defendant McDonald filed no pleading. The defendant McGrath (hereinafter, the defendant) filed a plea in abatement and a plea in bar both of which were sustained in the Superior Court on allegations to the effect that the issues had been fully heard in an action of tort between the same parties in the Superior Court in which the finding had been for the defendant. The plea in bar alleged that "[e]vidence introduced at the trial on the question of damages was [as] to the amount of fill required to restore the . . . [plaintiff's] land to its original state, the angle of repose necessary to support such land . . . and the value of the amount of land necessary . . . [for restoration]. Plans and charts were introduced . . . showing the property lines . . . and the angle of repose necessary . . . . The same factual claim as introduced in evidence in the prior case . . . [is] alleged in the . . . present bill. The . . . [plaintiff] at no time . . . sought to amend its declaration nor to amend for hearing . . . [in] Equity."

The town's appeals challenge the interlocutory decrees and the final decree that dismissed the bill as against McGrath.

We have examined the papers in the earlier action at law. The declaration is in two counts, the first for direct trespass on the plaintiff's land ("broke and entered the plaintiff's close") and the second for conversion of soil removed from the plaintiff's land. "The Findings of Fact, Rulings of Law and Decision"[1] note that there were specifications grounded on the allegations of trespass and conversion. The judge found that the plaintiff town had not sustained its burden of proof to show trespass or conversion. Further that "[i]t was in the requests . . . and in the argument that, for the first time, the true theory behind . . . [the town's action] was revealed. These requests for rulings, together with the argument, were based upon the right of . . . [the town] to lateral support of its land. Neither in pleadings or specifications nor in the evidence had . . . [the town], in any way, directly or indirectly intimated that it was seeking to protect its right to lateral support . . . claiming damages for a violation of this right." The judge ruled that the defendant could not be supposed to come prepared to defend a cause of action of which he had no notice, denied the requests as inapplicable, and found for the defendant.

The record before us does not include any evidence taken at the hearing on the pleas. The indorsement on each plea, "Sustained," imports that the substance of the matter set out in the pleas was established. The basis for the disposition of the prior action is conclusively shown by the record therein, but the record may be explained by extrinsic evidence. *Gallo* v. *Foley,* 299 Mass. 1, 5.

Judged by the respective pleadings the plaintiff's present suit is not barred by the principle of res judicata. Plainly the new allegations call for the application of a different rule of substantive law from that invoked in the first action. *Diebold Safe & Lock Co.* v. *Morse,* 234 Mass. 17. *Burke* v. *Willard,* 249 Mass. 313. *Sandler* v. *Silk,* 292 Mass. 493, 499. See *Magaletta* v. *Millard,* 346 Mass. 591, 596.

---

[1] These applied to a like action against a partnership also alleged to have trespassed and converted.

These cases, in substance, apply the rule that "if the plaintiff misconceives his action, or the declaration is defective, and he fails in his suit by reason of such defect or misconception, he may sustain a new action." *Livermore* v. *Herschell,* 3 Pick. 33, 38.

But, beyond this, the allegations of the respective pleadings are of different facts. The allegations of the declaration in the prior action speak of actual entry on the plaintiff's land and acts thereon. The present allegations describe acts taking place on the defendants' land only, but having an effect on the plaintiff's land. The present allegations are therefore not essentially the same, restyled and characterized to be appropriate to a different legal theory. Hence, looking only at the pleadings in the two suits, those cases that hold that a second suit is barred if it merely invokes a new theory for relief based on the same facts are inapplicable. *Cotter* v. *Boston & No. St. Ry.* 190 Mass. 302. *Franklin* v. *North Weymouth Coöp. Bank,* 283 Mass. 275, 279–280. *Mackintosh* v. *Chambers,* 285 Mass. 594, 596–597. *Siegel* v. *Knott,* 318 Mass. 257. *Forman* v. *Wolfson,* 327 Mass. 341. *Ratner* v. *Rockwood Sprinkler Co.* 340 Mass. 773, 776. We need not pause to consider possible inconsistencies in the two lines of cases. See Schopflocher, What is a Single Cause of Action for the Purpose of the Doctrine of Res Judicata, 21 Ore. L. Rev. 319; Note, Res Judicata and the Scope of a Cause of Action in Massachusetts, 34 B. U. L. Rev. 64.

Notwithstanding differences in the pleadings suggesting a different cause of action, the defendant may show through the evidence at the former trial the identity of the facts of the case tried with the case pending. Thus in the *Siegel* case, *supra,* a comparison of the earlier evidence with the plaintiffs' opening in the second case showed that, in essence, the plaintiffs were seeking for a second time to recover for the defendant's acts in foreclosing a mortgage. The first action was, in terms, for wrongful foreclosure. The second was for breach of an oral agreement modifying certain of the mortgage terms, the breach consisting of taking possession to foreclose the mortgage, although, if the

oral agreement was effective, there was no breach of the mortgage. The court noted that even though the evidence of the oral agreement was not relevant under the pleadings in the first action, it had been admitted, and an appropriate amendment, which the plaintiffs did not seek, would have made it relevant. The court restated and relied upon the rule of *Mackintosh* v. *Chambers,* 285 Mass. 594, 596: "The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong."

The declaration in the law action brought by the town appears to have been based on a misconstruction of what the defendants in fact did. The plaintiff appears also to have so presented its evidence as to show an intent to make out a case for actual trespass and conversion. The judge's findings, as noted, state that in the evidence, as well as in the pleadings and specifications, the plaintiff did not intimate that it sought to protect its right to lateral support. The *Siegel* case does not establish that the adducing of evidence in the first action that would make out a case of the kind later brought must be construed as establishing the identity of the first and second causes of action. Conceivably, if there had been a motion to amend in the town's first action, it would have been allowed. But the implications of the judge's findings are otherwise. See *Marcus* v. *Richardson,* 299 Mass. 11. His comments emphasize the difference in the causes of action and the inappropriateness of the first case for the relief belatedly sought. True, the same conduct of the defendant causing the plaintiff's injury underlies both actions. But the first case was not for that conduct, but for other supposed acts which, according to the judge's findings, had not been proved. The action did not lose that essential aspect at any time up to judgment. We think that the town has not had its day in court for the loss of lateral support. This is the opinion of a majority of the court.

*Interlocutory and final decrees reversed.*