*Northern District*
#6913
**KARL P. KIEFER**
v.
**DORIS D. BOETTI**

Argued: Nov. 4, 1968.    Decided: Jan. 24, 1969

*Present:* Brooks, P.J., Parker & Yesley, J.J.

Case tried to *Thompson, J.* in the Central District Court of Northern Essex. No. 28 of 1968.

*Parker, J.* The plaintiff brought this action against the defendant by writ dated 14 December 1967 to recover for damage to his motor vehicle caused by the defendant on 8 February 1967. The defendant's answer is a general denial, contributory negligence, violation of law by plaintiff causing the damage, and, by later amendment the defense of *res adjudicata.*

*At the trial there was evidence to show* that previously the defendant had been the plaintiff and the plaintiff had been the defendant in a case which arose out of the same accident. That case was heard on the merits on 13 November 1967 and the Court found for the defendant (the plaintiff in the case at bar), without a supporting opinion or statement of the facts found, the evidence or the issues specifically decided. The prior case was remanded from the Superior Court and the pleading[s] of that case are a part of the report. The plaintiff's declaration therein is in two Counts. Count 1 alleged the accident happened 8 Feb-

ruary 1967 on a public way in Haverhill and was caused by the negligent operation of a motor vehicle by the defendant resulting in personal injury to plaintiff, Doris D. Boetti, (defendant in the case at bar); Count 2 was brought by the husband of Doris for consequential damages. The defendant's answer was a general denial, contributory negligence, denial of operation by defendant's agent, violation of law by plaintiff causing the accident, statute of limitations, denial of public way and illegal registration of the plaintiff's motor vehicle.

In the case at bar the defendant, Boetti, seasonably filed three Requests for Rulings reading as follows:

1. As a matter of law the plaintiff is barred from recovery as a result of a judgment in the action of Doris D. Boetti et al vs. Karl P. Kiefer, Central District Court of Northern Essex on December 1, 1967.

2. As a matter of law the plaintiff's cause of action is res judicata as a result of the judgment in that action in which the issues of negligence were heard on the merits.

3. As a matter of law the finding for the defendant in the action of Boetti et al vs. Kiefer does not bar the operation of the res judicata defense inasmuch as the finding could have been based on the absence

of negligence by both parties or the negligence of the defendant, Kiefer.

The court in the case at bar made an express finding that "the prior action is *res adjudicata* as to liability but not as to damage, I therefore find for the plaintiff in the sum of $300.00".

The court denied defendant's requests #1 and #2 and allowed request #3 "only in so far as it may relate to issues before the court in the prior trial."

The appellant's (the defendant's) argument reduced to its simplest terms is that since the appellee (the plaintiff) had a finding in his favor and so was held not liable for the accident to the appellee, he is therefore barred from suing on his own behalf.

All that was decided in the previous action was that the appellant in this action could not recover against the appellee. The right of the appellee to recover in that action was not passed upon, for that issue was not before the court. The question to be decided in the case at bar is whether the plaintiff, appellee, can recover against the defendant, appellant. These are different issues. In the prior action the court may have decided that the appellee was not negligent, it may have decided that the appellee was negligent, but that the appellant was contributorially negligent, it may have found that the appellee's negligence was not the proximate cause of the accident, or that the appellant's violation of law caused the accident. All that the

previous case decided was that the appellant, plaintiff in that case, could not recover. On the report before us there is nothing to show that any issue which would bar the appellee's claim against the appellant in this case was decided. All that was decided was that the appellant had no case against the appellee, which is quite different from saying that the appellee had no case against the appellant. The issues in the two cases are not the same. The question as to whether the appellee could recover against the appellant was not decided by the previous case. The ingenious argument of the appellant would bring one to the conclusion that because a party won as a defendant he cannot recover as a plaintiff in an action arising between the same parties arising out of the same incident. The previous case was decided against the plaintiff who is the defendant in this case. The decision was not against the party who is litigating the same subject matter again. The party seeking recovery is not the party who was defeated in the previous case. *Hopkins* v. *Holcombe,* 308 Mass. 54, 57. *Lyon* v. *Parkinson,* 340 Mass. 567, 569. The plaintiff in this case has not had his day in Court. *Boylston* v. *McGrath,* 348 Mass. 640, 644.

The burden is on the defendant to establish that the former action is a bar to the present action between the parties and the defendant has failed to show that the decision in the previous action is a bar to the present action.

*Tighe* v. *Skillings,* 297 Mass. 504. *Watson* v. *Berman,* 302 Mass. 305.

The defendant must show that in the earlier case some ground of invalidity common to the two actions was actually tried and determined in her favor. It is not enough to show that such a ground might have been tried and determined. *Whittemore* v. *Selectmen of Falmouth,* 304 Mass. 72, 74. *Cambria* v. *Jeffery,* 307 Mass. 49.

We find no error in the denial of the defendant's Request 1 and 2.

No question was raised on briefs nor on arguments before us as to the ruling of the Court on the defendant's request for ruling #3 whereby it was allowed "only in so far as it may relate to issues before the court in the prior trial", and the court's express finding that, "the prior action is *res adjudicata* as to liability, but not as to damage. I therefore find for the plaintiff in the sum of $300.00". Therefore, we do not consider the correctness of the court's finding and ruling as to the effect of the doctrine of *res adjudicata* in establishing the liability of the defendant, appellant in the case before us. **The report will be dismissed.**

BUTTERWORTH AND GOOD
    for plaintiff.
JEREMIAH J. MAHONEY
    for defendant.