PETER G. FASSAS & another *vs.* FIRST BANK AND TRUST
COMPANY OF CHELMSFORD.

Middlesex.   December 6, 1967. — February 6, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Res Judicata.*

A final decree dismissing, without specification of the grounds of dis-
missal, a suit in equity the pleadings in which attacked the validity
of mortgages on the plaintiffs' real estate and the validity of proceed-
ings by the defendant in foreclosing them barred under the doctrine
of res judicata a later suit in equity between the same parties where
the only new matter set forth in the plaintiffs' second bill was an
allegation of noncompliance by the defendant with the requirements
of G. L. c. 140, §§ 90A to 90D, and it appeared that the plaintiffs at
the time of the prior suit had known all the facts relating to such non-
compliance and that events subsequent to or separate from the wrong
alleged in the prior suit were not involved in the later suit.

BILL IN EQUITY filed in the Superior Court on September 30,
1965.

The suit was heard by *Brogna*, J.

*George P. Jeffreys* for the plaintiffs.

*Joseph P. Donahue, Jr.*, for the defendant.

SPIEGEL, J.   This bill in equity seeks a declaration,
inter alia, that two mortgages on two parcels of real estate
owned by the plaintiffs are null and void and that fore-
closure proceedings under these mortgages are likewise null
and void.   The plaintiffs allege that the mortgages were
obtained by fraud, and that the defendant failed to comply
with the requirements of G. L. c. 140, §§ 90A to 90D, in
the drawing of the mortgages and note and in the foreclosure
proceedings.   The defendant filed an answer and also filed
a plea in bar stating that the issues in the case had been tried
in another suit between the same parties and "that all such
causes as between the parties are res judicata."   The trial

judge allowed the plea in bar, and a final decree was entered dismissing the bill.  From this decree the plaintiffs appealed.

The plaintiffs' pleading in the suit referred to in the plea in bar was captioned, "Bill to Restrain Mortgagee Foreclosure."  It alleged fraud, duress, and lack of consideration in the giving of the note and the mortgages, and that no notice was given of the foreclosure proceedings.  In that suit they sought to enjoin the foreclosure of the mortgages, and, apparently, to declare the mortgages void.  After a hearing on the merits, a final decree was entered dismissing the bill.  No specific findings were made.

In the instant case the only arguable new matter set forth in the bill is the allegation of the defendant's noncompliance with G. L. c. 140, §§ 90A to 90D.  Those statutory provisions regulate the maximum interest rate on certain home mortgages, require notice of interest rates charged and of foreclosure proceedings, require the giving of receipts for payments made, and specify the effects of noncompliance.[1]  It is the plaintiffs' contention that an attack upon the validity of the foreclosures was not litigated at the first trial, nor was it within the scope of the pleadings.  They argue that the allegations are not substantially identical in the two suits and that the defence of res judicata does not apply.

"The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong."  *Mackintosh* v. *Chambers*, 285 Mass. 594, 596.  Here, it appears that all the facts relating to possible noncompliance with G. L. c. 140, §§ 90A to 90D, were known to the plaintiffs at the time of the prior suit.  Moreover, the pleadings in that suit included an attack on the foreclosures, so it appears that the plaintiffs' present theory could have been litigated in that case.  However, while the

---

[1] In dismissing the bill in the instant suit, the judge ruled in the alternative that G. L. c. 140, §§ 90A–90D, are not applicable to the mortgages at issue.  In view of our holding we do not reach this question.

pleadings are an indication of what was rendered res judicata by the earlier suit, they are not always conclusive. "The effect of a former judgment . . . depends not upon the form of the pleadings but upon the essence of the violation of legal right on which pleadings are founded." *Mackintosh* v. *Chambers, supra,* 597. The question in the instant case is not only whether the plaintiffs' present theory could have been pressed under the pleadings in the prior suit, but whether the two suits are founded on the violation of the same legal rights.

In *Sandler* v. *Silk*, 292 Mass. 493, we held that an action of tort for damages from a fraudulent mortgage foreclosure was not barred by a previous equity suit to have the mortgage declared void. In that case, however, it was "clear that the issue raised . . . was not passed upon in the suit in equity" (*supra,* 500) for the judge's findings showed "that the basis of his decision was that the mortgage was not void as to the plaintiff," and the ruling that the foreclosure should not be enjoined rested solely on a consideration of that question. *Supra,* 499. In the instant case, it does not appear that the dismissal of the earlier bill rested on any specified grounds. The dismissal was a general one, and, as has been noted, the validity of the foreclosures was certainly within the scope of the pleadings. Unlike the *Sandler* case, the theory which the plaintiffs now advance does not arise out of events subsequent to or separate from the wrong alleged in the prior suit. A comparison of the two bills reveals that in essence "The object and 'petitory conclusions' of both suits are the same." *Hoseason* v. *Keegen*, 178 Mass. 247, 250. At best the plaintiffs have merely introduced a new ground to support the same cause. There was no error in allowing the plea in bar.

*Decree affirmed*
*with costs of appeal.*