Angelo PRIZIO, Plaintiff,

v.

CITY OF REVERE, John Deliere, in his capacity as chief of police of the city of Revere, and George Anzuoni, in his capacity as city treasurer for the city of Revere, Defendants.

Civ. A. No. 85–3005–Y.

United States District Court,
D. Massachusetts.

Feb. 28, 1986.

Alan H. King, Law Offices of Philip Boncore, East Boston, Mass., for plaintiff.

Ira H. Zalenznik, Lewin & Rosenthal, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

Angelo Prizio is a patrolman employed by the city of Revere's police department. On July 28, 1982, Prizio suffered chest pains while on duty as a patrolman, and was hospitalized until August 3, 1982. Prizio's request for a paid leave of absence was denied by the defendant police chief John DeLeire. Instead, Prizio was placed on sick leave and received no pay after he exhausted his allowed sick time.

On November 19, 1982, Prizio brought suit in the Massachusetts Superior Court against the city of Revere, DeLeire, city treasurer George Anzuoni, and city auditor

Andrew Bisignani. Prizio's complaint alleged that the city's refusal to afford him a paid leave violated Mass.Gen.Laws c. 41, § 111F, which requires that when a police officer is injured in the performance of his duty he shall be granted leave without loss of pay for the period of incapacity. Sometime after this complaint was filed the city did indeed place Prizio on paid leave. However, in March, 1984, DeLeire determined that Prizio was no longer disabled, and ordered Prizio back to work. On April 5, 1984, Prizio's § 111F benefits were terminated.

In June, 1984, Prizio began to breathe life back into his all but forgotten law suit. First, he amended the complaint to reflect the most recent termination of pay and to add a second count alleging intentional infliction of emotional distress. Prizio then moved for summary judgment, and a hearing was held on that motion. The Superior Court not only denied Prizio's motion for summary judgment, but further ordered the complaint dismissed. The court ruled that Prizio's § 111F claim failed because a medical panel had unanimously ruled him not disabled. The state tort law claim was dismissed for failure to comply with the procedural requirements of Mass.Gen.Laws c. 258, § 4. The Massachusetts Appeals Court dismissed Prizio's appeal for lack of prosecution on April 16, 1985.

Prizio filed his complaint in this Court on July 26, 1985. The complaint, brought under 42 U.S.C. § 1983, alleges that the defendants violated Prizio's due process rights by arbitrarily terminating his § 111F benefits. The case is now before the Court on the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The defendants argue that Prizio's claim is barred by the doctrine of res judicata.

■ It is well settled that under the federal full faith and credit statute, 28 U.S.C. § 1738, a federal court must give "the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466,

102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *Parsons Steel, Inc. v. First Alabama Bank*, —— U.S. ——, ——, 106 S.Ct. 768, 772, 88 L.Ed.2d 877 (1986). This general principle applies with equal force when the subsequent federal court suit seeks relief under 42 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90, 97–98, 101 S.Ct. 411, 416–17, 66 L.Ed.2d 308 (1980) (issue preclusion applies as to matters actually litigated); *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 85, 104 S.Ct. 892, 989, 79 L.Ed.2d 56 (1984) (claim preclusion applies even as to matters not raised in state proceedings); *Isaac v. Schwartz*, 706 F.2d 15, 16 (1st Cir.1983). Thus, the beginning and end of this Court's inquiry must be whether the Massachusetts courts would find Prizio's suit barred by the doctrine of res judicata.

The Massachusetts courts "apply res judicata in a perfectly traditional manner." *Isaac v. Schwartz*, 706 F.2d at 16. Under Massachusetts law a valid and final judgment on the merits extinguishes "all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the complaint arose." *Boyd v. Jamaica Plain Co-Operative Bank*, 7 Mass.App.Ct. 153, 163, 386 N.E.2d 775 (1979) citing Restatement (Second) of Judgments § 61(1) (tent. draft No. 5, 1978). In other words, a plaintiff may not "split" his claim, and later attempt to relitigate issues that "were or could have been dealt with in an earlier litigation." *Angel v. Bullington*, 330 U.S. 183, 193, 67 S.Ct. 657, 662–63, 91 L.Ed. 832 (1947).

■ Prizio first argues that the dismissal of his state court action was not a final judgment on the merits. His theory is that because there never was oral argument or briefing on the issue of whether the defendants were entitled to judgment, but only on his motion for summary judgment in his favor, the dismissal must be without prejudice. This argument is without merit. Rule 56(c) of the Massachusetts Rules of Civil Procedure specifically provides that "[s]ummary judgment, when appropriate,

may be rendered against the moving party." Prizio points to nothing which suggests that such a judgment is any less final than one granted in favor of a moving party. Accordingly, the Superior Court's dismissal constitutes a final judgment on the merits.[1]

■ Prizio next argues that this suit is fundamentally different from his state court action because here he challenges a pattern of unlawful conduct, not simply the individual terminations. This argument ignores the fact that claim preclusion applies to claims that could have been brought as well as to those actually asserted. *Fassas v. First Bank & Trust Co.*, 353 Mass. 628, 629–30, 233 N.E.2d 924 (1968). For purposes of res judicata a second claim is not a new claim simply because the plaintiff applies a new legal theory to the same facts. All of the terminations that Prizio here alleges constitute an unlawful pattern of discrimination were at the heart of his state court suit, and were put in issue in that case by the amended complaint. Thus, Prizio's § 1983 claim here arises out of the same series of transactions that formed the basis of his state court suit.

Prizio's final argument is that the state court's dismissal of count II of the amended complaint, for failure to make an administrative claim, is not a final judgment. This Court need not reach that question since Prizio does not renew his state tort claims here. The judgment unquestionably was final as to Prizio's § 111F claim, and thus is res judicata as to his § 1983 claim here which alleges a pattern of violating § 111F.

Accordingly, the motion to dismiss is ALLOWED.

---

1. Any dispute as to this conclusion was ended by the Appeals Court's dismissal of the appeal.