FARIELLO vs. ZHAO, 101 Mass. App. Ct. 566

 
 GABRIELE FARIELLO vs. LIN ZHAO & others. [Note 1]

101 Mass. App. Ct. 566
 April 21, 2022 - August 30, 2022

Court Below: Superior Court, Middlesex County
Present: Milkey, Sullivan, & Ditkoff, JJ.

 

No. 21-P-558.

Lis Pendens. Real Property, Purchase and sale agreement. Contract, Sale of real estate, Offer and acceptance. Practice, Civil, Lis pendens notice, Dismissal, Intervention, Attorney's fees.

A Superior Court judge acted within her discretion in allowing the special motion to dismiss by the defendant sellers of real property and dissolving a memorandum of lis pendens, where, although the plaintiff buyer's argument that the accepted offer constituted a binding contract was not frivolous (even if an uphill climb to show that the parties truly reached an agreement on all material terms), in that the offer described the property and set forth the purchase price, the deposit, the date the offer to purchase expired if not accepted, the manner of acceptance, the nature of the title to be conveyed, and the time and place of delivery of the deed, the buyer nonetheless had no nonfrivolous argument that he complied with or secured a waiver of the condition in the accepted offer to sign a purchase and sale agreement by the deadline. [570-571]

This court concluded that, in a civil action in which, following the allowance by a Superior Court judge of a special motion to dismiss by the defendant sellers of real property and dissolution of a memorandum of lis pendens, the sellers sold the property and the judge allowed the subsequent purchasers to intervene as party defendants, the availability of appellate attorney's fees under G. L. c. 184, § 15 (c), extended to such interveners who successfully defended on appeal an order dissolving a lis pendens. [571-573]

Civil action commenced in the Superior Court Department on August 3, 2020.

 A special motion to dismiss and dissolve a memorandum of lis pendens was heard by Maureen B. Hogan, J.

 Alan D. Rose, Jr. (Sammy S. Nabulsi also present) for the plaintiff.

 Laurence K. Richmond for the interveners.

 DITKOFF, J. The plaintiff, Gabriele Fariello (buyer), appeals from an order of a Superior Court judge allowing the special 

 Page 567 

motion to dismiss filed by the defendants, Lin Zhao and Jian Hu (sellers), dissolving a memorandum of lis pendens, and awarding attorney's fees. Shortly after the judge allowed the special motion to dismiss, the sellers sold the property to Denise and Gavin Grant (interveners), who were allowed to intervene to defend the dismissal. Concluding that the judge acted within her discretion in allowing the sellers' special motion to dismiss and to dissolve the memorandum of lis pendens, we affirm. Furthermore, we conclude that the interveners may recover appellate attorney's fees under G. L. c. 184, § 15 (c), for successfully defending the dismissal.

 1. Background. a. Offer. We rely on the facts in "the verified pleadings and affidavits that were before the judge." Citadel Realty, LLC v. Endeavor Capital N., LLC, 93 Mass. App. Ct. 39, 40 (2018). On June 4, 2020, the buyer submitted an offer to purchase real property from the sellers. The offer was conditioned on a "satisfactory inspection for safety and structural issues." The sellers did not accept the offer.

 On June 25, the buyer submitted a second offer for a substantially higher amount. The second offer was conditioned on satisfactory home and radon inspections. The sellers did not accept this offer.

 On July 14, the buyer submitted a third offer for a somewhat higher amount. The third offer, like the second, was conditioned on satisfactory home and radon inspections. The sellers did not accept this offer.

 Later on July 14, the buyer submitted a fourth offer for the same amount as the third offer. Unlike the buyer's second and third offers, the fourth offer was not conditioned on satisfactory home and radon inspections. The offer stated that the parties must execute a purchase and sale agreement by July 24, 2020, at 6 P.M., and that time was of the essence. The sellers accepted this offer.

 b. Purchase and sale agreement. The next day, the sellers' attorney sent the buyer's attorney a draft purchase and sale agreement. Two paragraphs of the draft stated (inaccurately) that the buyer had inspected the property. Five days later, on July 20, the buyer's attorney responded with some minor edits and accepted the paragraphs stating that the buyer had inspected the property but added a rider that, among other things, (1) allowed up to three inspections and (2) required the sellers to warrant and represent "that . . . there are no structural issues, usage issues or no habitability issues they did not willfully disclose regarding the 

 Page 568 

property." On July 22, the sellers agreed to much of the rider but not to those two provisions.

 When Friday, July 24 arrived without a response, the sellers' attorney asked the buyer's attorney at 1:57 P.M. whether the buyer agreed to the rider as modified. The buyer's attorney responded at 2:19 P.M. that the buyer had already found issues with the property and that the lack of inspections or a warranty was "a big issue." At 4:31 P.M., the sellers' attorney stated that the sellers would "agree to make that representation [to] the best of their knowledge without any independent investigation but they do not agree to the warranty language." At 5:13 P.M., the sellers' attorney sent a version of the rider that stated, "Seller represents to the best of their knowledge without any independent investigation that there are no structural issues, usage issues or no habitability issues." The buyer's attorney immediately asked for an extension until Monday, and the sellers immediately insisted that the agreement be signed that day.

 At 6:02 P.M., the buyer's attorney agreed to the rider language proposed by the sellers and asked for a minor addition regarding appliances. The sellers' attorney accepted that request at 6:58 P.M. and provided a clean version of the agreement with two minor additional changes.

 At 9:12 P.M., an e-mail message was sent directly from the buyer's e-mail account to the sellers' attorney. For the first time, the buyer objected to the provisions in the agreement stating that an inspection had occurred and demanded an "[a]ttachment with the representations made by the seller." The author of the message claimed to be "[f]ollowing my legal expertise" and signed the message as "Gosia Torzecka, ESQ." [Note 2] The message did not proffer a proposed purchase and sale agreement.

 At 11 A.M. on Saturday, July 25, the sellers' attorney sent an e-mail message stating that the buyer could "execute the current version" until 2 P.M. The buyer responded directly, stating that "the accepted offer . . . required us to rely on disclosures in lieu of our own independent inspection" and that the attorneys were not "privy to all facts," and then announcing that he would be representing himself going forward.

 Page 569 

 On July 30, the buyer proposed a new offer for $50,000 less and requiring two home inspections. On the same day, the interveners proposed an offer for the property without any contingencies, which the sellers accepted.

 c. Lis pendens litigation. The buyer filed a complaint in the Superior Court alleging that the sellers committed a breach of contract and a breach of the implied covenant of good faith and fair dealing, and a motion for a memorandum of lis pendens. The buyer sought, inter alia, specific performance and monetary damages. A judge allowed the buyer's motion for approval of a memorandum of lis pendens after a hearing. The sellers then filed a special motion to dismiss and to dissolve the memorandum of lis pendens, pursuant to G. L. c. 184, § 15 (c). After a hearing, a different judge (motion judge) allowed the sellers' motion, dismissed the claims, and dissolved the memorandum of lis pendens. This appeal followed.

 Shortly after the motion judge dismissed the complaint, the sellers completed the sale of the property to the interveners. The motion judge then allowed the interveners to intervene as party defendants under Mass. R. Civ. P. 24, 365 Mass. 769 (1974).

 2. G. L. c. 184, § 15 (c). General Laws c. 184, § 15 (c), provides "an expedited mechanism for dissolving a lis pendens" and "permits a defendant to bring a 'special motion to dismiss' any 'frivolous' action or claim on which a lis pendens is based." Ferguson v. Maxim, 96 Mass. App. Ct. 385, 389 (2019), quoting St. 2002, c. 496, § 2. A claim is "frivolous" for the purposes of § 15 (c) if "(1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds." Ferguson, supra, quoting G. L. c. 184, § 15 (c). On a special motion to dismiss, the defendant bears the burden "to demonstrate, by a preponderance of the evidence, that the plaintiff's claim is completely lacking in 'reasonable factual support . . . or . . . any arguable basis in law.'" Ferguson, supra at 390, quoting G. L. c. 184, § 15 (c).

 In reviewing a special motion to dismiss, the judge may "consider alleged facts beyond the plaintiff's initial pleading" but should not consider "which of the parties' pleadings and affidavits are entitled to be credited or accorded greater weight." Ferguson, 96 Mass. App. Ct. at 390. We review the motion judge's ruling for an abuse of discretion or error of law, examining "the same factors properly considered by the [motion] 

 Page 570 

judge." Citadel Realty, LLC, 93 Mass. App. Ct. at 44. The motion judge's "conclusions of law are subject to broad review and will be reversed if incorrect." Id. at 45. The court "draw[s] its own conclusions from the record" where an order is based solely on documentary evidence. Id.

 3. Contract. The parties dispute whether the accepted offer to purchase constituted a binding contract. "[T]o create an enforceable contract, there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement." Rodriguez v. Massachusetts Bay Transp. Auth., 92 Mass. App. Ct. 26, 29 (2017), quoting Lambert v. Fleet Nat'l Bank, 449 Mass. 119, 123 (2007). An offer to purchase that is accepted by a seller constitutes an enforceable contract where "all material terms are agreed to and contained in the offer to purchase." Battle v. Howard, 489 Mass. 480, 492 & n.12 (2022). Accord Coldwell Banker/Hunneman v. Shostack, 62 Mass. App. Ct. 635, 639 (2004). "Ordinarily the question whether a contract has been made is one of fact." Id. at 640.

 Here, the actions of the buyer after the sellers' acceptance of the offer to purchase in trying to reinsert an inspection condition and in demanding warranties by the sellers raises a considerable question whether the parties truly reached an agreement on all material terms. See Blomendale v. Imbrescia, 25 Mass. App. Ct. 144, 147 (1987) ("the restriction on delivery of the deposit and, above all, the various warranties asked of the seller by the buyer reflect imperfect negotiations at the time of the original agreement"). Accord Coldwell Banker/Hunneman, 62 Mass. App. Ct. at 639 (no binding contract where "the summary judgment record makes it clear that the storage clause was material to the seller and her husband because of their particular situation"); Germagian v. Berrini, 60 Mass. App. Ct. 456, 460 (2004) (buyer's "conduct after he received the signed offer back" demonstrated "that he did not intend that the offer be a binding contract"). A considerable question, however, is not the same thing as a frivolous argument.

 Even though the buyer faced an uphill climb in showing that the accepted offer was a binding contract, his argument was not frivolous. The offer "described the property, set forth the purchase price, the deposit, the date the [offer to purchase] expired if not accepted, the manner of acceptance, the nature of the title to be conveyed, . . . and the time and place of delivery of the deed." 

 Page 571 

Coldwell Banker/Hunneman, 62 Mass. App. Ct. at 636 n.2. Accord McCarthy v. Tobin, 429 Mass. 84, 87-88 (1999). The argument that it constituted a binding contract was not devoid of support.

 Nonetheless, the buyer has no nonfrivolous argument that he complied with the requirement in the accepted offer to sign a purchase and sale agreement by July 24, 2020. At no point did the buyer proffer a purchase and sale agreement that he was willing to sign. Instead, his attorney repeatedly proposed versions of the purchase and sale agreement containing the inaccurate language included by the sellers' attorney that the buyer had inspected the property. The buyer certainly could have asked for those provisions to be deleted, but instead he agreed to them through his attorney and waited until after the deadline for signing a purchase and sale agreement to raise any issue concerning them. Even after he objected to those provisions, he did not proffer any purchase and sale agreement he was willing to sign. "Under Massachusetts law, parties will be held to the deadlines they have imposed upon themselves when they agree in writing that time is to be of the essence. . . . The deadline is a condition subsequent, and if the condition subsequent is not met (i.e., an executed [purchase and sale] agreement), or waived, then the parties' obligations to each other are extinguished." Owen v. Kessler, 56 Mass. App. Ct. 466, 469 (2002). Accord Vickery v. Walton, 26 Mass. App. Ct. 1030, 1031-1032 (1989). Under the uncontested facts, the buyer has no nonfrivolous argument that he complied with, or secured a waiver of, the condition to sign a purchase and sale agreement by July 24. Accordingly, we conclude that the motion judge acted within her discretion in allowing the sellers' special motion to dismiss and dissolving the memorandum of lis pendens. [Note 3]

 4. Appellate attorney's fees. The interveners request appellate attorney's fees under G. L. c. 184, § 15 (c). Our interpretation of G. L. c. 184, § 15 (c), "begins with the plain language of the statute." Anderson v. National Union Fire Ins. Co. of Pittsburgh 

 Page 572 

PA, 476 Mass. 377, 381 (2017). General Laws c. 184, § 15 (c), states that, "[i]f the court allows the special motion to dismiss, it shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion." Accord Ferguson, 96 Mass. App. Ct. at 389-390 & n.15. Although the statute does not expressly say so, the Supreme Judicial Court has concluded that this statutory provision "also applies to appellate attorney's fees." DeCicco v. 180 Grant St., LLC, 484 Mass. 1037, 1037 (2020). Even so, neither the statute nor our case law addresses whether an intervener under Mass. R. Civ. P. 24 may recover appellate attorney's fees under the statute.

 The court's extension of the statute to appellate fees reflects the understanding that § 15 (c) is "designed to ensure that the successful defendant is made whole by being reimbursed for the legal fees it has incurred in its defense of the summarily dismissed case." DeCicco, 484 Mass. at 1038. Here, the only parties defending the summary dismissal on appeal are the interveners, and thus it was the interveners who "incurred [the costs] for the special motion" at the appellate stage. G. L. c. 184, § 15 (c). [Note 4] Accord Renovator's Supply, Inc. v. Sovereign Bank, 72 Mass. App. Ct. 419, 437 (2008) (party's "successful maintenance of the c. 93A judgment entitles it to an award of reasonable appellate fees and costs"); Janney Montgomery Scott LLC v. Tobin, 571 F.3d 162, 166 (1st Cir. 2009) ("given the [Supreme Judicial Court]'s clear and consistent statements about the importance of attorneys' fees to the chapter 93A regime, we believe that an award of fees to a party that successfully fends off a petition to vacate a chapter 93A arbitration award would be the usual practice, absent some affirmative reason not to make such an award").

 Awarding appellate attorney's fees to the interveners also comports with "the mischief or imperfection to be remedied" by G. L. c. 184, § 15 (c). Anderson, 476 Mass. at 382, quoting Kain v. Department of Envtl. Protection, 474 Mass. 278, 286 (2016). "[T]he special motion to dismiss offers defendants whose property has been encumbered by a lis pendens a speedy and cost-effective method of addressing frivolous claims and removing an unfounded lis pendens" (emphasis added). Ferguson, 96 Mass. App. Ct. at 390. Here, the property that the buyer wishes to 

 Page 573 

encumber belongs to the interveners.

 Just as the statutory provision for attorney's fees "would ring hollow if it did not necessarily include a fee for the appeal," DeCicco, 484 Mass. at 1038, quoting McLarnon v. Jokisch, 431 Mass. 343, 350 (2000), the availability of appellate attorney's fees under G. L. c. 184, § 15 (c), would at least suffer in sound quality if it could not be invoked by an intervening party single-handedly defending a dismissal under the statute, in a case involving that party's own property. Accordingly, we conclude that the availability of appellate attorney's fees under G. L. c. 184, § 15 (c), extends to interveners, like the ones before us, who successfully defend an order issued pursuant to G. L. c. 184, § 15 (c). [Note 5]

 5. Conclusion. The order allowing the sellers' special motion to dismiss, dissolving the memorandum of lis pendens, and awarding attorney's fees is affirmed. The interveners' request for appellate attorney's fees under G. L. c. 184, § 15 (c), is allowed.

 So ordered.

FOOTNOTES
[Note 1] Jian Hu; Denise Grant and Gavin Grant, interveners. 

[Note 2] Gosia Torzecka is the buyer's wife and was listed as a buyer in the accepted offer, although she did not sign it. The sellers' attorney listed her as a buyer in the first draft of the purchase and sale agreement, but the buyer's attorney deleted her in the first response. She was separately copied on most of the July 24 e-mail messages. She is not a licensed attorney in Massachusetts. 

[Note 3] Perhaps because the buyer included a factual allegation in the complaint that the sellers were in the "business" of purchasing real estate, the motion judge stated that she was dismissing any claim under G. L. c. 93A "[t]o the extent" the buyer was alleging such a claim. As the buyer did not raise a claim under c. 93A in his complaint, no such claim was dismissed. Cf. Chittenden Trust Co. v. Levitt, 26 Mass. App. Ct. 208, 210 (1988) (notwithstanding "[t]he entry in the docket of the word 'dismissed,'" judge's "order for dismissal nisi was plainly not a final judgment"). We express no view on whether such a claim would be viable, should the buyer raise one in the future. 

[Note 4] The sellers filed a pleading in this court stating "that they join the brief filed [on] behalf of intervenors-appellees Denise Grant and Gavin Grant." We leave for another day the proper resolution of fees requests where both the original defendants and interveners-defendants seek appellate attorney's fees. 

[Note 5] In accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the interveners may, within fourteen days of the issuance of this opinion, submit an application for attorney's fees with the appropriate supporting materials. The buyer shall have fourteen days thereafter to file a response to that application. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.