NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-743

TEJ SHARMA

vs.

TRUSTEES OF ANDOVER GARDENS CONDOMINIUM TRUSTS & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Tej Sharma, filed a complaint in the Superior Court seeking an injunction to prevent the defendant trustees from conducting a lien foreclosure sale of the plaintiff's once owned condominium in Andover.  A judge dismissed the plaintiff's complaint and he appeals the dismissal.  We affirm.

Background.  The plaintiff purchased the property in 1984 and, beginning in June 2016, he stopped paying the common area expenses associated with the condominium as required by the condominium rules and G. L. c. 183A, § 6.  After many delinquent payment notices were sent to the plaintiff, the defendant filed

_____

[1] Domenic S. Terranova; we are informed that Terranova "passed away on September 20, 2022."  As is our usual practice, we take the parties' names as they appear in the plaintiff's operative complaint.

an action in the District Court to enforce a lien against the condominium for the unpaid common area expenses.  The plaintiff never answered or appeared in the District Court to defend the action.  A default entered against the plaintiff and, in July 2017, the District Court issued an order for the sale of the condominium; judgment entered against the plaintiff for the unpaid common area expenses, court costs, and attorney's fees.  Pursuant to the District Court order and judgment, the defendant scheduled a lien foreclosure sale of the condominium.  The plaintiff then filed the present case in the Superior Court.

Thereafter, the plaintiff made numerous requests in the Superior Court for injunctive relief to prevent the sale.  A judge in the Superior Court denied all of the plaintiff's requests and, in April 2018, made an endorsement denying the plaintiff's request to appoint a receiver, stating that there was no injunctive relief, restraining order, or preliminary injunction preventing the sale of the condominium; the judge ordered all claims and counterclaims dismissed in thirty days.[2] The defendant then completed the foreclosure sale.  The plaintiff did not exercise his right to redeem during the ninety days following the sale, as provided by G. L. c. 254, § 20.  On

---

[2] Notwithstanding this April endorsement, judgment dismissing the plaintiff's claims never entered.

June 22, 2022, the Superior Court judge dismissed all claims asserted against the defendants. This appeal followed.

Discussion. General Laws c. 254, § 5, states that "a lien established under . . . section 6 of chapter 183A shall be enforced by a civil action brought in the superior court for the county where such land lies or in the district court in the judicial district where such land lies." The defendant complied with the statute and brought the lien enforcement action in the appropriate District Court. Pursuant to Mass. R. Civ. P. 13 (a), as amended, 423 Mass. 1405 (1996), any defense that the plaintiff wanted to bring regarding that lien enforcement action should have been filed in the District Court where the defendant filed its action. See Columbia Chiropractic Group, Inc. v. Trust Ins. Co., 430 Mass. 60, 63 (1999) ("[a]ll claims arising out of the same facts should be heard, where possible, in the same proceeding"). Thus, "failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim." Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 563 (2004). The plaintiff could not assert any claims in the Superior Court that he was required to assert as compulsory counterclaims in the District Court. Accordingly, we discern no error in the judgment of dismissal.

Attorney's fees. We also allow the defendant's motion for an award of its reasonable appellate attorney's fees. The law

3

on compulsory counterclaims is well settled and the plaintiff could have had "no reasonable expectation of a reversal."  Avery v. Steele, 414 Mass. 450, 455 (1993) (quotation omitted).  As such, we deem the plaintiff's appeal frivolous and award the defendant its reasonable appellate attorney's fees and costs.[3]

Judgment affirmed.

By the Court (Ditkoff, Hand & D'Angelo, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  May 2, 2023.

---

[3] In accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the defendant may, within fourteen days of the date of the rescript, submit with the clerk of the Appeals Court an application for attorney's fees and costs along with appropriate supporting materials.  The plaintiff shall have fourteen days thereafter to file a response.  See Fariello v. Zhao, 101 Mass. App. Ct. 566, 573 n.5 (2022).
[4] The panelists are listed in order of seniority.