NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-447

PARKER HAYDEN

vs.

BRIAN P. MCKEON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Parker Hayden, appeals from a judgment of the Superior Court dismissing his complaint for intentional misrepresentation, fraudulent concealment, and breach of fiduciary duty against the defendant, Dr. Brian P. McKeon.[1]  The plaintiff also appeals the denial of his motion for reconsideration.  Agreeing with the Superior Court judge that the plaintiff's claims are barred by the doctrine of res judicata, we affirm.

"The term 'res judicata' includes both claim preclusion and issue preclusion."  Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 692 (2016), quoting Kobrin v. Board of

_____

[1] The count alleging breach of fiduciary duty simply reiterated the allegations set forth under the intentional misrepresentation and fraudulent concealment counts.

Registration in Med., 444 Mass. 837, 843 (2005). "[C]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." Duross v. Scudder Bay Capital, LLC, 96 Mass. App. Ct. 833, 836 (2020), quoting Heacock v. Heacock, 402 Mass. 21, 23 (1988). Claim preclusion "requires three elements: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." LaRace v. Wells Fargo Bank, N.A., 99 Mass. App. Ct. 316, 324 (2021), quoting Santos, supra. "Causes of action are the same for the purposes of res judicata when they 'grow[ ] out of the same transaction, act, or agreement, and seek[ ] redress for the same wrong.'" LaRace, supra at 325, quoting Fassas v. First Bank & Trust Co. of Chelmsford, 353 Mass. 628, 629 (1968). "We review the allowance of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint." Osborne-Trussell v. Children's Hosp. Corp., 488 Mass. 248, 253 (2021), quoting Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019).

Here, the plaintiff's claims are barred by the doctrine of res judicata because they arise from a "common nucleus of

2

operative facts."[2]  Laramie v. Philip Morris USA Inc., 488 Mass.
399, 411 (2021), quoting Restatement (Second) of Judgments § 24
comment b (1982).  See Howard v. Boston Water & Sewer Comm'n, 96
Mass. App. Ct. 119, 124 (2019) (claims precluded where "the
complaint in the Boston Municipal Court [was] based on the same
series of transactions as the complaint dismissed in the Housing
Court").  In October 2019, the plaintiff commenced the first of
two lawsuits against the defendant, his orthopedic surgeon.  In
the first complaint, the plaintiff alleged that on June 19,
2012, during an elective surgical procedure on his right knee,
the defendant also "performed an unauthorized surgical procedure
known as a 'Lateral Release.'"  The plaintiff alleged negligence
based on the defendant's concealment and failure to explain the
lateral release "after identification of patellar tilt and right
before the 'Tibial Tubercle Osteotomy.[']"  In addition, the
plaintiff alleged negligent infliction of emotional distress
based on the defendant's refusal to speak with the plaintiff and
the defendant's failure to offer a "protocol for potential
reversal."

     After a Superior Court judge allowed the defendant's motion
to dismiss, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass.

---

[2] There is no dispute that the first and third elements of res
judicata are satisfied.  See Kobrin, 444 Mass. at 844 ("there is
no question that there was a final order of the board on the
merits . . . and the parties in both actions are identical").

3

754 (1974), on the ground that the claims were barred by the statute of repose, G. L. c. 260, § 4, the plaintiff filed a second complaint.[3]  In his second complaint the plaintiff alleged that the defendant "intentionally omitted the lateral release procedure" in his operative notes, "fraudulently concealed the medical malpractice cause of action including the 'lateral release' surgery," and failed to inform the plaintiff that he had performed the lateral release surgery.[4]

Both complaints arose out of the surgical procedure and its aftermath, and both complaints sought redress for the defendant's alleged concealment and failure to inform the plaintiff of the nature of the procedure.  The first complaint raised "[t]he concealment and lack of explanation to the plaintiff" of the surgical procedure and complication and the defendant's refusal to provide the plaintiff with information after the procedure.  The second complaint similarly raised the defendant's "not disclosing to or informing the plaintiff" of

---

[3] The plaintiff appealed from the judgment dismissing his first complaint.  On April 26, 2021, a panel of this court affirmed. Hayden v. McKeon, 99 Mass. App. Ct. 1121 (2021).
[4] Given that the plaintiff allegedly became aware of the defendant's misrepresentation and fraudulent concealment of the lateral release surgery "[a]fter reviewing the medical records in July 2019," there is no reason why the plaintiff could not have pursued these claims when he filed his first complaint in October 2019.  Cf. Kobrin, 444 Mass. at 844 (disciplinary action not barred by claim preclusion where "the board could not previously have litigated this issue or disciplined the petitioner as the convictions had not yet occurred").

4

the procedure. That the plaintiff packaged this concealment as negligence and negligent infliction of emotional distress in the first complaint and as fraud and breach of fiduciary duty in the second complaint does not take this case outside the reach of res judicata, as a claim brought under a different legal theory "is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong." Laramie, 488 Mass. at 411, quoting Mackintosh v. Chambers, 285 Mass. 594, 596 (1934).

The plaintiff's reliance on Chace v. Curran, 71 Mass. App. Ct. 258 (2008), is misplaced. We held there that claims for fraudulent concealment and intentional misrepresentation were "not a recasting of their original claims for medical malpractice," and thus not subject to the medical malpractice statute of repose. Id. at 264. Putting aside the fact that our opinion in Chace did not discuss res judicata or the standard for identity of causes of actions for claim preclusion purposes,[5]

_____

[5] In Chace, 71 Mass. App. Ct. at 259, the original complaint against Dr. Arlene Curran and the nurse included counts for fraudulent concealment and intentional misrepresentation, and thus the dismissal of the malpractice count did not bar the continuation of those counts. Although it is questionable whether the plaintiff's claim in his first complaint for negligent infliction of emotional distress should have been dismissed under the statute of repose, the plaintiff raised no issue regarding that count in his previous appeal. Once final judgment entered on that count, claim preclusion prohibited its resurrection under a new legal theory.

nothing in <u>Chace</u> suggests that claims for concealment, which the plaintiff raised in the first complaint, are different than claims for fraudulent concealment and intentional misrepresentation based on the same concealment.  Accordingly, the plaintiff's claims are barred by res judicata.

<u>Judgment of dismissal, and order denying motion for reconsideration, affirmed.</u>

By the Court (Green, C.J. Ditkoff & Hodgens, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  August 28, 2023.

---

[6] The panelists are listed in order of seniority.