NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1414

FULVIO JOSEPH GENTILI

vs.

TOWN OF STURBRIDGE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Fulvio Joseph Gentili, appeals from a Superior Court judgment dismissing his complaint against the defendant, the town of Sturbridge (town), for "special and peculiar injury," G. L. c. 79, § 12, arising out of the defendant's discharge of stormwater onto his land.  Agreeing with the Superior Court judge that the plaintiff's claim is barred by the doctrine of claim preclusion, we affirm.

1.  Background.  209 Charlton Road (property) is a commercially zoned property in Sturbridge with frontage on Hall Road.  In 1977, the property was conveyed to Renato Gentili, upon whose death it passed to the Renato Gentili Trust (trust).  The plaintiff became a trustee of the trust in 1983.  The

property remained in the trust until 2023, when the plaintiff conveyed it to himself to enable him to bring the instant action pro se.

In 1987, the town replaced an existing culvert built in the 1930s with a new culvert beneath Hall Road, which reached onto the property and which allowed stormwater to drain under the road and onto the property. The water discharged by the culvert formed wetlands on the property. These features of the new culvert "have been open, notorious and continuous" since then. From 2009 to 2015, the trust made three attempts to sell the property, all of which failed because of the presence of the wetlands. Finally, in 2015, the plaintiff and his then cotrustee filed an action in the Land Court seeking to enjoin the town from draining water through the culvert "so as to create wetlands." The town counterclaimed that it had acquired a prescriptive easement to drain water onto the property. The Land Court agreed with the town and entered judgment for it in January 2018. The trust did not appeal.

In May 2018, the plaintiff and his then cotrustee filed an action in the Superior Court seeking "just or reasonable compensation from the [defendant] under M.G.L. c. 79, §§ 7, 10, 12, 14 as a constitutional right under article 10 of the Massachusetts Declaration of Rights and the 5th Amendment to the U.S. Constitution" for the defendant's alleged taking of the

2

property by acquiring the prescriptive drainage easement.  The trustees also sought "special and peculiar damages" for, among other things, the property's resulting loss of salability.  The court denied relief, finding that the defendant's acquisition of the easement by prescription did not constitute a taking.  The trustees appealed, and the Supreme Judicial Court affirmed.  Gentili v. Sturbridge, 484 Mass. 1010, 1012 (2020).

In June 2020, the plaintiff filed an action in the United States District Court for the District of Massachusetts seeking compensation from the defendant under 42 U.S.C. § 1983 and the Fifth Amendment to the U.S. Constitution for its alleged taking of the property without compensation.  The District Court entered summary judgment for the town, finding that the plaintiff's claim was barred by res judicata.

In October 2022, the plaintiff filed the instant action in the Superior Court, seeking damages from the town for the property's loss of salability as a "special and peculiar injury" under G. L. c. 79, § 12.  The town moved to dismiss the plaintiff's complaint, and the Superior Court allowed the motion, finding that the plaintiff's claim was barred by claim preclusion.  This appeal followed.

2.  Claim preclusion.  "The term 'res judicata' includes both claim preclusion and issue preclusion."  Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 692 (2016), quoting

3

Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005).  "[C]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action."  Duross v. Scudder Bay Capital, LLC, 96 Mass. App. Ct. 833, 836 (2020), quoting Heacock v. Heacock, 402 Mass. 21, 23 (1988).  Claim preclusion "requires three elements:  (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."  LaRace v. Wells Fargo Bank, N.A., 99 Mass. App. Ct. 316, 324 (2021), quoting Santos, supra.  "[A] judgment in an action that determines interests in real . . . property . . . has preclusive effect upon a person who succeeds to the interest of a party to the same extent as upon the party himself."  McCarthy v. Oak Bluffs, 419 Mass. 227, 233 (1994), quoting Restatement (Second) of Judgments § 43(1)(b) (1982).  "Causes of action are the same for the purposes of res judicata when they 'grow[ ] out of the same transaction, act, or agreement, and seek[ ] redress for the same wrong.'"  LaRace, supra at 325, quoting Fassas v. First Bank & Trust Co. of Chelmsford, 353 Mass. 628, 629 (1968).  "We review the allowance of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint."  Osborne-Trussell v. Children's Hosp. Corp., 488 Mass. 248, 253 (2021),

4

quoting Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019).

Here, the 2018 Superior Court action and the 2020 District Court action both involved as parties the trust, of which the plaintiff is a successor in interest, and the town. Claims in both actions grew out of the town's use of the prescriptive drainage easement on the property and sought redress for the property's resulting decrease in value. Although the plaintiff did not raise the precise claim at issue in this case in any previous action, it suffices for claim preclusion that he could have. See Bernier v. Bernier, 449 Mass. 774, 797 (2007) ("Before a claim will be barred on the ground of claim preclusion, it must be established that the claim was actually and necessarily decided in a prior action or that there was a full and fair opportunity to have done so that was not taken" [emphasis added]). Moreover, all of the plaintiff's claims relating to the town's use of the easement were resolved by final judgments on the merits. As a result, the plaintiff's claim in the instant action is barred by claim preclusion. See McCarthy, 419 Mass. at 233; LaRace, 99 Mass. App. Ct. at 324-325.

The plaintiff argues that he was unable to bring the instant claim in any previous action because, to recover for "special and peculiar injury" under G. L. c. 79, § 12, he would

5

have had to plead that no taking of the property had occurred. He contends that, because he also sought damages under a taking theory in his previous actions, to simultaneously plead no taking for purposes of the § 12 claim would have been unethical. That is not the case.

"Modern rules of pleading permit alternative pleading." Matter of Hilson, 448 Mass. 603, 613 (2007). The Massachusetts Rules of Civil Procedure provide that "[a] party may set forth two or more statements of a claim or defense alternatively or hypothetically . . . [and] may also state as many separate claims or defenses as he has regardless of consistency." Mass. R. Civ. P. 8 (e) (2), 365 Mass. 749 (1974). Litigants in the courts of this Commonwealth make frequent use of alternative pleading. See, e.g., Zelby Holdings, Inc. v. VideogeniX, Inc., 92 Mass. App. Ct. 86, 92-93 (2017) (plaintiff could plead both contract and unjust enrichment claims even though two were mutually exclusive); DiCarlo v. Lattuca, 60 Mass. App. Ct. 344, 348 (2004) (defendant could plead that statute of limitations bars claim or, in alternative, assert counterclaim subject to same statute of limitations). Nor is alternative pleading any less common in the Federal courts. See, e.g., Limone v. United States, 579 F.3d 79, 93 (1st Cir. 2009) (plaintiffs could plead both intentional infliction of emotional distress and malicious

6

prosecution on same facts and were entitled to "independent review of each set of claims").[1]

Accordingly, there was nothing to prevent the plaintiff from pleading in his 2018 Superior Court action that the town had taken the property without just compensation or, in the alternative, that there was no taking but that the defendant's use of the property had resulted in "special and peculiar injury."  The plaintiff's failure to do so cannot save his instant claim from preclusion.  See Bernier, 449 Mass. at 797.[2]

_____

[1] By contrast, at common law, "[a] count or plea containing material allegations which were inconsistent or contradictory was defective [footnote omitted]."  McDonald, Alternative Pleading:  I, 48 Mich. L. Rev. 311, 316 (1950).  But the traditional bar on alternative pleading found its justification in efficiency, not ethics:  it existed because the "chief object" of pleading at common law was "that the parties be brought to issue, and that the issue be material, single and certain in its quality [footnotes omitted]."  Id. at 314-315, quoting Stephen, Pleading 135 (5th ed. 1845).  "[T]he rules required 'certainty,' which meant 'precision,' not 'truth.'"  McDonald, supra at 316 n.14.  Cf. id., quoting 4 Bentham, Rationale of Judicial Evidence 278 (1827) ("Of the information required to be given . . . in pleading[s] . . . it is in so many instances allowed to be false, that, upon the whole, it is of at least as little use as if it were always so").  Indeed, when one English plaintiff pleaded the same child support claim under two alternative theories, rendering his complaint defective, the court suggested an expedient but scarcely honest cure:  "[T]he way had been to aver them to be different children . . . for here you ought to multiply [the child] as often as you multiply your declaration."  McDonald, supra at 320, quoting Hart v. Longfield, 87 Eng. Rep. 1156 (Q.B. 1702); 7 Mod. 148, 149.

[2] We need not discuss at length the plaintiff's arguments -- not raised below -- based on the Restatement (Second) of Judgments § 26(1)(d) and (f).  The requirement that the plaintiff raise all his theories for compensation in one

7

3.  Appellate attorney's fees.  "We may award appellate attorney's fees when we determine that an appeal is frivolous." Marion v. Massachusetts Hous. Fin. Agency, 68 Mass. App. Ct. 208, 212 (2007).  "An appeal is frivolous, so as to risk potential imposition of a sanction, where there can be no reasonable expectation of a reversal under well-settled law." Abuzahra v. Cambridge, 486 Mass. 818, 829 (2021), quoting Marabello v. Boston Bark Corp., 463 Mass. 394, 400 (2012). Although the plaintiff is pro se, he has long experience as an attorney and an Assistant Attorney General in Florida.  This is the second, not the first, action in which his claim for compensation has been held barred by res judicata.  He should no longer be allowed to impose on the town the costs of his

_____

lawsuit is plainly consistent with the fair and equitable implementation of the takings compensation scheme, and the plaintiff has not "clearly and convincingly" shown an "extraordinary reason" for overcoming preclusion.  To the contrary, the current state of affairs was caused by his inattention to the open and notorious condition of the property for multiple decades and his subsequent failure to anticipate that he might not prevail on his novel legal theory in the 2018 lawsuit.

frivolous litigation campaign.  We award the town attorney's fees and double costs.[3]

> Judgment affirmed.
>
> By the Court (Sacks,
>   Ditkoff & Toone, JJ.[4]),

> Clerk

Entered:  September 19, 2024.

---

[3] In accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the town may, within fourteen days of the issuance of this memorandum and order, submit an application for attorney's fees with appropriate supporting materials.  The plaintiff shall have fourteen days thereafter to file a response to that application.  See Fariello v. Zhao, 101 Mass. App. Ct. 566, 573 n.5 (2022).

[4] The panelists are listed in order of seniority.